## NIXON & CO. v. CARSON.

1. **Fraudulent representations**: MADE PRIOR TO CONSUMMATION OF CONTRACT. False and fraudulent representations made prior to the consummation of the contract and an inducement thereto, relied upon by the other party, will defeat a recovery by the guilty party.

2. ———: EVIDENCE. Such fraudulent representations may be established by extrinsic parol evidence.

*Appeal from Johnson Circuit Court.*

THURSDAY, JUNE 4.

ACTION at law upon a contract in the following words:

" MESSRS NIXON & CO:

Please manufacture and have ready for delivery in Chicago, by. the 15th, of April 1869, twelve of your Alliance Double Shovel Plows, for which I agree to pay you eighty-four dollars on or before the first day of June, 1869.

THOS. C. CARSON."

Iowa City, March 1, 1869.

The answer admits the making of the contract and the receipt of twelve plows in Chicago, but denies any indebtedness above $20, which, defendant alleges, is equal to the amount due plaintiff, and a tender of that sum is pleaded with costs. It is also alleged that plaintiff ought not to recover a greater sum than the amount tendered, because of false and fraudulent representations concerning the character and qualities of the plows contracted for, made prior to the order, and a warranty concerning the same, that such representations and warranty were relied upon by defendant, and constituted the inducement for the contract on his part. The failure of the plows to comply with the representations and warranty is averred.

To this answer plaintiff demurred on the ground that the contract cannot be affected by any representations or warranty made prior to the execution of the contract, and that no fraud is alleged in the making of the contract.

The demurrer was sustained. Defendant appeals.

*Boal & Jackson,* for appellant.

*Cornell & Bro.,* for appellee.

BECK, J.—The demurrer should have been overruled. False and fraudulent representations as to the subject matter of a contract, relied upon by the other party, which FRAUDULENT representa-tion: made prior to con-summation of contract. operated as an inducement thereto, will defeat recovery by the guilty party. The fact that the fraud was perpetrated prior to the execution of the contract does not change the rule. Indeed to bring a case within the rule the fraud, of necessity, must have been per-petrated before the consummation of the contract, otherwise it could not have operated as an inducement thereto. It was entirely competent to establish the fraudulent and false repre-sentations by extrinsic parol evidence. These principles are elementary and do not demand for their support the citation of authorities. But see 2 Parsons on Contracts, p. 66, and Chap. 3, Sec. 12 and notes, 1 Greenleaf's Ev., Sec. 284. *Rohra-bacher v. Ware,* Sept. Term, 1873.

The fraudulent representations are sufficiently averred in the answer.

REVERSED.