## CHILDS, BY NEXT FRIEND, V. DOBBINS.

61 109
99 603
61 109
116 618

1. **Practice:** SEPARATE TRIALS ON SEVERAL COUNTS: DISCRETION OF COURT. Under § 2746 of the Code, where plaintiff sought to recover but one sum from the defendant, basing his demand in one count upon his minority when the contract was made, and his subsequent disaffirmance of it, and, in another count, upon the fraudulent representations of defendant in procuring the contract, *held* that the court rightly exercised its discretion in overruling defendant's motion for separate trials on the several counts of the petition.

2. **Evidence:** WRITTEN CONTRACT: PAROL TO PROVE FRAUD. The fact that a contract is in writing is no reason for excluding parol testimony to prove that it was procured by fraud.

3. ———: ADMISSIBILITY OF: ISSUE MADE BY ANSWER. Where defendant, in order to defeat an action by an infant, plead and testified that, by the contract which the infant claimed to avoid, a land lease held by the defendant had passed to the infant, *held* that the infant was properly allowed to show that the defendant had no lease to the land.

4. **Demurrer**: SUSTAINED UPON INSUFFICIENT GROUNDS: ERROR WITHOUT PREJUDICE. Where an agreement to arbitrate was plead in abatement of an action, it was error without prejudice to sustain a demurrer thereto upon insufficient grounds stated, where it appeared that the agreement was, for another reason, not binding between the parties.

5. **Instruction**: ASSUMPTION OF FACT. An instruction was properly refused which assumed as a fact a point about which the evidence was conflicting.

6. **Evidence**: ADMISSIBILITY OF. Where plaintiff had plead a tender, and had testified to the circumstances thereof as having been made in the presence of M., it was error to refuse the defendant the privilege of interrogating M. as to what he knew of the tender, and it was no objection that his attention was called in the interrogatory to the subject on which his testimony was desired.

*Appeal from Montgomery District Court.*

WEDNESDAY, JUNE 6.

THE plaintiff claims of the defendant $500, with interest at six per cent from March 29, 1875. The petition is in two counts. In the first count of the petition it is alleged that on the twenty-fourth day of March, 1875, when the plaintiff was a minor, and so known to be by the defendant, the plaintiff entered into a written contract with the defendant for the purchase of a certain nursery at Red Oak, and paid him therefor the sum of $500. That on the twenty-ninth day of March, 1875, the plaintiff disaffirmed said contract, and tendered back to said defendant all of the nursery stock, at the place where, and in the same condition as when delivered, and demanded the repayment of said $500, which the defendant refused.

In the second count of the petition it is alleged that the defendant fraudulently represented that said nursery stock was good, sound and merchantable, when in truth and fact, as the defendant well knew, the said stock was not in such condition, but had been killed by winter or some other cause, and was entirely worthless.

The defendant answered, denying all the allegations of the petition, and alleging that the nursery stock was fruit and

Childs v. Dobbins.

ornamental trees and shrubbery, growing in the ground at the time of the sale, and including an interest in and right to the occupancy of the land for an indefinite period, which was real estate, and passed to the plaintiff, and was a part of the consideration and property of said sale, and that plaintiff at no time after he became of age, and before the commencement of this suit, disaffirmed said contract, or offered to restore all property received by him to the plaintiff.

It is further alleged in the answer that the written contract between the plaintiff and the defendant was written by one Lewis, the next friend of plaintiff, and that by his mistake, and by accident and oversight, the contract was so drawn as not to include an interest in the ground on which said nursery stock was growing, or pruning knives, plate books, order books, labels, catalogues, price lists, and chart to the nursery, all of which were a part of the property sold to the plaintiff for said $500.

The defendant filed an amendment to his answer, alleging that on the twenty-ninth of March, 1875, the plaintiff and the defendant agreed to submit to arbitrators the same subject of controversy as that involved in this suit, and that defendant has at all times been ready to proceed with the arbitration, but the plaintiff refuses to proceed with the same. Attached to this amendment is a copy of the agreement to submit to arbitration, signed by William Dobbins and H. A. Childs only, and not acknowledged, and containing the following provision: "And we hereby pledge ourselves to abide the decision of said arbitrators; and I, B. P. Lewis, sign herewith in behalf of H. A. Childs, and hereby guarantee that said Childs shall well and truly fulfill the above conditions on his part, and comply with the decision of said arbitrators."

The plaintiff demurred to this amendment as follows:

"*First.* The agreement therein set forth does not amount to a submission to arbitration, in that said agreement is not acknowledged.

"*Second.* Said amendment shows on its face that no action has ever been taken by said arbitrators, and no award ever made by them."

The court sustained this demurrer, to which ruling the defendant excepted. Before the trial commenced, the defendant moved the court for a separate trial on each of the counts in the plaintiff's petition, for the reasons:

"*First.* That trial of both of said counts at the same time tends to confusion.

"*Second.* A trial of said alleged cause tends to confuse matters. The evidence is volumnious, and the two different trials already had show to what extent confusion arises by such trial of all of said issues at the same time.

"*Third.* That at the April term, 1880, of this court, a demurrer of defendant to the first count or claim of the petition was sustained; that thereupon plaintiff's counsel in open court stated and agreed that, if said cause would be continued as to the other counts, in the event of an affirmance by the supreme court of said ruling and an order sustaining said demurrer, then a non-suit as to said other count would be made, and that they did not intend to try said other count alone; that at the last term of this court defendant's counsel asked for a.trial on said other count, and plaintiff's counsel again so stated as above, whereupon the court passed said cause, and gave defendant no trial.

"*Fourth.* That from the statement of facts set forth in the foregoing paragraph there can be no question .but that plaintiff retained last count for the one purpose of confusing and assistance on the trial of the first count; wherefore defendant asks that each count stand upon its own merits or want thereof."

In support of this motion, the defendant filed his own affidavit that the statements of the third paragraph of the motion are true. The court overruled the motion, and the defendant excepted. The trial was to a jury, and resulted

in a verdict and judgment for plaintiff for $680. The defendant appeals. The case has before been in this court. See 55 Iowa, 205.

*Smith McPherson*, for appellant.

*C. E. Richards*, and *Miller & Bartholomew*, for appellee.

DAY, CH. J.—I. The defendant insists that the court erred in refusing to order separate trials on each of the two counts in the plaintiff's petition. The applica-

1. PRACTICE: separate trials on several counts: discretion of court. tion for separate trials was based upon section 2746 of the Code, which is as follows: "The court may, in its discretion, allow separate trials between the plaintiff and any defendant, or of any cause of action united with others, or of any issue in an action; and such separate trials may be had at the same or different terms of the court, as circumstances may require." The appellant concedes that under the provisions of this section it is discretionary with the court whether separate trials be granted or not, but insists that the discretion authorized is a legal discretion, and that it was greatly abused in this case. The plaintiff seeks the recovery of but one sum from the defendant, the $500 paid the defendant for his nursery. In the first count of the petition the plaintiff bases his right to recover upon the ground of his minority when the contract was made, and his subsequent disaffirmance of the contract. In the second count of his petition the plaintiff bases his right to recover upon the ground of fraudulent representations of the defendant. The plaintiff had an undoubted right to rely upon either or both of these grounds. In our opinion, the court did not abuse its discretion in refusing to grant separate trials. Upon the contrary, if the matter is not wholly within the discretion of the court, we think it would have been an abuse of discretion to have awarded separate trials of the two grounds alleged for the recovery of the same sum.

II.   The defendant objected to any evidence of representa-
tions made by him, at the time the contract was entered into,

*2. EVIDENCE: written con-tract: parol to prove fraud.*  as to the character and quality of the trees, upon the ground that the contract was in writing. The fact that the contract was in writing could not prevent the plaintiff from proving that it was procured by the fraudulent representations of the defendant.

III.   The defendant complains of the action of the court
in allowing the plaintiff to introduce evidence that the

*3. ——: ad-missibility of: issue made by answer.*  defendant had no lease of the premises on which the nursery stock stood. The defendant insists that if he did not have such leasehold it would only have been a breach of the written contract, and that the petition does not claim that defendant made any representa-tions with reference to such leasehold. The fact is that the written contract is entirely silent as to any interest in land. The defendant alleges in his answer that the contract em-braced an interest in land, and that by mistake it was omitted from the written contract. The defendant testified that he had a lease to the nursery, which passed to the defendant under the contract, and constituted a part of the consideration for the $500; and he insists that, as the defend-ant acquired thereby an interest in the land, he could not dis-affirm the contract during his minority. Surely it was com-petent for the plaintiff, in view of such evidence and claim, to prove that the defendant did not have such lease.

IV.   It is insisted that the court erred in sustaining the
demurrer to the amendment of the answer setting up the

*4. DEMURRER: sustained on insufficient grounds: er-ror without prejudice.*  agreement to arbitrate. The grounds of the demurrer were, because the agreement was not acknowledged, and because no action had been taken by the arbitrators. The appellant insists that, if the agreement did not constitute a statutory agree-ment to arbitrate, it at least was a common law agreement, and, as such, binding upon the parties. It may be that the grounds of the demurrer were not well taken. Still, we

think that the sustaining of the demurrer, if error at all, was error without prejudice. The agreement contains a statement as follows: "I, B. P. Lewis, sign herewith in behalf of H. A. Childs, and hereby guarantee that said. Childs shall well and truly fulfill the above conditions on his part, and comply with the decision of said arbitrators." This provision was doubtless inserted because of the claimed minority of H. A. Childs at the time the agreement to arbitrate was made, which was but five days after the purchase of the nursery. The defendant certainly had a right to exact this guaranty that the plaintiff would observe the award, and, until Lewis signed the agreement as stipulated, it could not become binding upon the defendant. Now, the fact is, Lewis never signed the agreement, and as it could not bind the plaintiff unless it also bound the defendent, it follows that it never took effect as a binding contract between the parties. If, therefore, the grounds of the demurrer were not well taken, it follows that the defendant sustained no prejudice from the court's ruling.

V. The defendant asked the court to instruct the jury as follows: "The nursery stock in question, at the time it was

5. INSTRUC-
TION: as-
sumption of
fact.

growing in the ground, covered by a lease, was real estate, and a contract with reference thereto could not be rescinded by plaintiff during his minority. In this case it is not claimed that plaintiff rescinded his contract after he became of age, and having commenced this action during his minority, you will find for the defendant on the first count." The refusal of the court to give this instruction is assigned as error. The instruction was correctly refused, if for no other reason, because it assumes that the ground on which the stock was growing was covered by a lease, a point upon which there was a conflict of evidence.

VI. Respecting the tender to the defendant of the property received under the contract, the plaintiff testified as

6. EVIDENCE:
admissibility
of.

follows: "I went to Mr. Mayne's office and found Dobbins, and told him I had come to tender him

back his crop of trees and everything I got of him, and to demand my money. I told him the plate book and pruning knife were at the hardware store, and I would get them for him. Dobbins said he did not want them. He asked me on what grounds I demanded my money. I told him, on the grounds of misrepresentation and minority. Mayne was sitting there writing at the table. This was after the arbitration papers had been prepared. I then went and had notice prepared and gave it to the sheriff. This was a little after dark."

The defendent introduced Mr. Mayne as a witness, who testified as follows: "March 29, 1875, I prepared an article of arbitration between the parties to this suit. Dobbins and Childs both signed it. It was prepared just before dinner; and it was prepared after the defendant brought the copy of the original notice in this case into our office, after the suit was begun. Childs was not there on any other occasion."

The witness was then asked the following question: "Now what do you know, if anything, about a tender, or an assumed tender, having been made by Childs there in your office, in your presence, that day?"

Plaintiff objects, because it is assuming a state of facts which they have no right to, and upon which to predicate the question. The objection was sustained, and the defendant excepted. This action the defendant assigns as error. In sustaining the objection the court erred. The plaintiff testified to the circumstances of the tender, and that it occurred in Mayne's presence. It was surely competent for the defendant to prove by Mayne what he knew about the tender, and it was proper, in the interrogatory, to direct his attention to the subject respecting which he was interrogated. For the ruling of the court in excluding testimony of Mayne respecting the tender of the property, the judgment is

REVERSED.