## THE BANK OF REINBECK v. BROWN, SHERIFF.

1. **Statute of Limitations**: ACTION AGAINST SHERIFF: WRONGFUL SALE OF PROPERTY. The act of which plaintiff complains in this action is not the levying upon its property under a writ of attachment, but its sale under execution issued upon judgment in the attachment case. Plaintiff served written notice of its ownership on defendant after he had received the execution. *Held* that until such notice no right of action accrued, and that the statute of limitations did not sooner begin to run against the action.

2. **Executions**: CLAIMS OF THIRD PERSONS: NOTICE: INDEMNIFYING BOND: APPLICATION OF STATUTE. The statute (Code, secs. 3055-3057) providing that when execution is levied upon personal property, a third person claiming to own the property may give notice in writing to the officer, whereupon he may demand an indemnifying bond, etc., applies to special as well as general executions. And in this case, where defendant, upon special execution in an attachment case, had levied upon the property in question, and plaintiff duly served him with notice of its ownership,—it not being a party to the attachment suit,—and defendant demanded and procured an indemnifying bond, and proceeded to sell the property, and returned the proceeds to the court issuing the execution, *held* that plaintiff could maintain an action against him, the same as if the execution had been a general one.

*Appeal from Grundy District Court.*—HON. D. J. LENEHAN, Judge.

FILED, OCTOBER 4, 1888.

ACTION to recover the value of personal property sold by defendant by virtue of a special execution. A demurrer to the petition was sustained. Plaintiff electing to stand upon its pleading, judgment was rendered in favor of defendant for costs. The plaintiff appeals.

*Boies, Husted & Boies*, for appellant.

*Nathaniel French*, for appellee.

ROBINSON, J.—This action was commenced on the third day of February, 1887. The petition alleges that on the thirty-first day of August, 1883, the plaintiff was the owner of personal property, which it describes, of the value of $1,360; that on that day the defendant, by virtue of a writ of attachment issued out of the circuit court of Woodbury county, Iowa, in an action wherein the Eagle Manufacturing Company was plaintiff, and W. A. & W. H. Cottrell were defendants, and to him directed, levied upon and took possession of said property, and made returns of said levy to said court; that judgment was thereafter rendered against the Cottrells for $7,392.90, and the lien of the attachment was confirmed, and the property ordered sold to satisfy the judgment; that on the fifth day of April, 1884, a special execution issued, directed to defendant, and commanding him to sell said property for the payment of said judgment; that on the eighth day of April defendant levied said execution on said property, and on the thirtieth day of April, 1884, the plaintiff served on him a notice of ownership; that thereupon defendant refused to proceed further under said execution unless indemnified, and that on the same day an indemnifying bond, conditioned as provided by section 3056 of the Code, was executed and delivered to him; that he thereupon sold said property to satisfy said execution, and returned the proceeds of the sale to the circuit court of Woodbury county. The petition further alleges that the sale after the notice of ownership was wrongful, and that defendant thereby became liable to plaintiff for the value of the property, with interest; that plaintiff was not a party to the action against the Cottrells. Judgment for the value of the property is demanded. To this petition the defendant demurred as follows: "Now comes the defendant, and demurs to plaintiff's amended and substituted petition, because the same does not state any cause of action, in this: "*First*, the levy of the

attachment took place over three years prior to the commencement of this suit, and the action is therefore barred by the statute of limitations; *second*, the acts of the defendant under the special execution, which are are the only acts complained of, were acts which the law and the writ compelled him to do, and for doing which there is no legal liability." The demurrer was overruled on the first ground, and sustained on the second.

I. Although the appellee does not appeal, yet he insists that the first ground of the demurrer was good,

1. STATUTE OF limitations: action against sheriff: wrongful sale of property.

and that the judgment of the district court must therefore be affirmed, even though the court erred in holding the second ground of the demurrer to be good. It is urged that if a correct result was reached, it is not material that it was based upon erroneous grounds. The cases of *Jeure v. Perkins*, 29 Iowa, 262; *Childs v. Dobbins*, 61 Iowa, 114, and *Wetmore v. Mellinger*, 64 Iowa, 745, are cited in support of this view, while the cases of *District Tp. of Clay v. Independent Dist. of Buchanan*, 63 Iowa, 189, is referred to as a possible authority for a different rule. We do not find it necessary to determine the question thus presented. The act of which plaintiff complains is not the levying upon the property under the writ of attachment, but its sale under the execution. The execution was not received by defendant until the eighth day of April, 1884. Notice of ownership was served on him within a reasonable time thereafter, to-wit, on the thirtieth day of the same month. No right of action for any act done under the execution could have accrued prior to April 8, when it came into defendant's hands; and the right to maintain it did not exist prior to the service of notice of ownership. It follows that, since this action was commenced within three years from the time when the right of action accrued, the ruling of the district court on the first ground of the demurrer was correct.

II. The execution under which the sale in controversy was made commanded the sale of specific property

2. EXECUTIONS : claims of third persons: notice : indemnifying bond : application of statute.    therein described. The defendant was not by any provision it contained allowed to exercise any discretion. It is insisted that, under these facts, it is essential to the existence of the courts and the due enforcement of the law that the sheriff be protected from all consequences which follow the proper performance of the acts commanded by the process of the court. It is said that the sheriff is merely the arm of the court to execute what the court determines ; that he has no alternative but to obey the process of the court, under pain of punishment for failure to do so. It is conceded, when he has a discretion, as where the process commands him to levy upon and sell property of a person named, without specifying any particular property, that the rule is different, and that in such case he would be liable for taking property of a person not named in the process. Counsel for appellee refer us to numerous authorities in support of their position. Among them is the case of *Conner v. Long*, 104 U. S. 228. This case, and others cited, hold, in substance and effect, that where process is issued by a court having jurisdiction, which contains a direct command to take possession of or sell the particular property therein described, and when the officer has no discretion but to obey, and in executing the process keeps himself strictly within its mandatory clause, he cannot be held liable for resulting damage. It is urged by appellant that to apply that rule in this case would be to permit the taking of private property without due process of law. We think this controversy must be determined by the law of Iowa, as applied to the facts in the case. Section 3055 of the Code provides that if an officer, after the levy of an execution on personal property, receive a notice in writing from some other person than the execution debtor that the property belongs to such person, he may release the levy, unless a bond is given, as provided in the next section. It also provides that the officer shall be protected from all liability by reason of such levy until he receives such notice. The next

section is as follows: "Sec. 3056. When the officer receives such notice he may forthwith give to plaintiff, his agent or attorney, notice that an indemnifying bond is required. Bond may thereupon be given by or for the plaintiff, with one or more sufficient sureties, to be approved by the officer, to the effect that the obligors will indemnify him against the damages which he may sustain in consequence of the seizure or sale of the property, and will pay to any claimant thereof the damages he may sustain in consequence of the seizure or sale, and will warrant to any purchaser of the property such estate or interest therein as is sold; and thereupon the officer shall proceed to subject the property to the execution, and shall return the indemnifying bond to the district court of the county in which the levy is made." Section 3057 is as follows: "If such bond is not given, the officer may refuse to levy, or if he has done so, and the bond is not given in a reasonable time after it is required by the officer, he may restore the property to the person from whose possession it was taken, and the levy shall stand discharged." These sections do not refer to any particular kind of executions. The language used is broad enough to include special executions, unless some rule of construction requires their exclusion. Appellee insists that they are not included, because the language of the statute does not require it, and for the further reason that no liability can attach to the officer for a proper service of the special execution. If the sections quoted were designed for the protection of the officer alone, there would be more force in this claim; but in our opinion they are in part intended for the benefit of interested property-owners. They point out a means by which the officer can be made liable for seizing and selling property which was not owned by the execution debtor. It would be an idle form to serve him with notice if he cannot be held responsible for his acts when it is done. That he can be so made liable in ordinary cases is not disputed; but the reason for fixing his liability, and protecting the rights of the property-owner, are just as

strong in the case of a special execution as in any other. The order of the court issuing the writ which directs the sale of the attached property is, to a great extent, formal. *Garretson v. Reeder*, 23 Iowa, 24, and cases therein cited. It certainly has no effect as an adjudication of the title to property which is owned by some one not a party to the proceedings. It is usually based on the return of the sheriff, or other officer, which is presumed to show that the writ has been levied upon property of the defendant subject to execution. If, as a matter of fact, this return is false, there is no well-grounded reason for holding that a formal order founded upon it should estop the owner from asserting the fact even as against the officer. Since the order for the sale of the attached property is ordinarily made as a matter of course, and without any adjudication of title which would bind a stranger to the suit, there is as much reason for permitting the owner, who is not the execution debtor, but whose property was taken under the writ of attachment, to try the question of title with the officer, as there is for permitting the owner whose property was first taken on execution to do so. The real question to be determined in each case is the liability of the property taken for the payment of the debt; and we think the provisions of law to which we have referred were designed to protect both classes of owners, as well as the officer serving the process. The case of *Allen v. Wheeler*, 54 Iowa, 628, sustains to some extent this conclusion. In the statutory action for the recovery of specific personal property, when the order issues for the return of the property pending litigation, it requires the officer to take the specific property therein described, and delivered the same to the plaintiff. Code, sec. 3230. In that case he has no more discretion as to obeying the order than he would have in the case of a special execution; and yet this court has held that, if the plaintiff in such an action was not in fact entitled to the return of the property described in the order, the officer would be liable in a similar action. *Davis v. Gambert*, 57 Iowa, 239. The policy of the law is the

same in all cases, and is that the rights of property be fully protected, and that each claimant be allowed his day in court before his rights can be determined. We conclude that the demurrer should have been overruled as to both grounds. The judgment of the district court is therefore

REVERSED.