THE McCORMICK HARVESTING MACHINE COMPANY, Appellant, v. B. F. WILLIAMS.

**Contract:** CONSTRUCTION. One who orders a harvester under a contract giving him the privilege of refusing to accept it if his crops shall be a failure, may so refuse if that portion of his crops upon which a harvester is usually used is a failure, though he may have good crops of other kinds.

**Parol Evidence:** MISREPRESENTATION: *Waiver.* As a matter of defense to an action for the price of a harvester bought by written contract, it may be shown by parol that the contract was entered into by reason of false and fraudulent representations, that the machine had all brass bearings, but for which the contract would not have been executed; this not being a parol warranty, in addition to warranties in the writing.

*Appeal from Humboldt District Court.* — HON. LOT THOMAS, Judge.

TUESDAY, OCTOBER 27, 1896.

PLAINTIFF sues upon a written order, executed by the defendant, for a harvester. The order is in the usual form, and authorizes the plaintiff to ship to the defendant on or before July 1, 1894, the machine in question, fixes the terms of payment, and contains a warranty. In this order are contained the following words: "If my crops are a failure, and I do not need a machine, this order to be void." Defendant admits signing the order, and that he refused to accept the machine, and denies all damages. In a second count he pleads the clause above set forth, and avers that his crops were a failure, and that he did not need a machine, and elected to declare the contract void. In the third count defendant pleads that the order was procured by false and fraudulent representations in relation to the character and quality of the machine;

that said "false and fraudulent representation was
that the machine had brass bearings in all places;"
that defendant relied upon said representations, and
believed them to be true, and executed the order upon
the faith thereof, and would not have executed said
order had he not believed in the truth of said repre-
sentations; that said representations were false; that
they were made by plaintiff's agent, Nichols, who
took the order.   In a reply plaintiff denies all of the
allegations of the answer except the clause of the con-
tract before quoted, and says said provision has been
waived by the act of the defendant in agreeing to
take the machine.   The cause was tried to the court
and a jury, and a verdict returned for the defendant,
upon which a judgment was entered. Plaintiff appeals.
—*Affirmed.*

*Botsford, Healy & Healy* for appellant.

*Prouty, Coyle & Prouty* for appellee.

KINNE, J.—I.   The order for the machine in con-
troversy, contained the following provision:   "If my
crops are a failure, and I do not need a machine, this
order to be void."   On the trial the plaintiff
sought to show the condition of the defendant's
crops, other than small grain.   The court ruled
out all testimony relating to the corn and grass crops,
and confined the inquiry alone to the oat crop, that
being all the small grain the defendant had.   These
rulings are complained of.   We think they were right.
The defendant was not buying a harvester to cut his
grass or his corn.   The palpable intent of this clause
in the order was, to cover a case of failure, or sub-
stantial failure, of the crop, for the purpose of har-
vesting which, the machine was ordered.   This provis-
ion must be construed in the light of the conditions

surrounding the parties.   The evidence showed, that the crop of oats was very light—was a substantial failure when measured by the standard of the usual crop,—and the jury were justified in finding the defense of failure of the crop had been established.

II.   Error is assigned upon the ruling of the court in refusing to withdraw from the jury the defense pleaded in the third count of the answer,—that the machine did not have all brass bearings as represented.   And it is urged that the court erred in admitting evidence of such representations, because they tended to alter and change the terms of the written contract, and because the agent was not shown to have had authority to make such representations.   Plaintiff seems to treat the alleged representations as a parol warranty in addition to the written warranty.   This is not the proper view.   It is not a question of warranty at all.   It is not so pleaded.   It is pleaded as a false and fraudulent representation which induced the execution of the order.   Nor is it a question of whether, in spite of the fact that the bearings were not all brass, the machine was merchantable and reasonably suited for the purpose for which it was purchased.   It is always permissible to show by parol that a written contract has been entered into by reason of false and fraudulent representations of the other party, and without which such contract would not have been executed.   It hardly seems necessary to cite authorities in support of so plain a proposition, but see the following cases: *Nixon v. Carson,* 38 Iowa, 338; *Rohrabacher v. Ware,* 37 Iowa, 86; *Childs v. Dobbins,* 61 Iowa, 114 (15 N. W. Rep. 849); *Manufacturing Co. v. Gibson,* 73 Iowa, 526 (35 N. W. Rep. 603); *Scroggin v. Wood,* 87 Iowa, 502 (54 N. W. Rep. 437).   There was no error in the rulings, nor in the instruction complained of, which correctly states the law.—AFFIRMED.