P. C. MERRILLAT v. SANFORD PLUMMER, T. B. DOTTS, AND J. F. PLUMMER, Appellants.

**False Representations:** FACT AND OPINION. Where defendants, sued on a note given by them for the right to use a fence building machine, as to the merits of which they knew nothing, pleaded false and fraudulent representations in the procurement of the note, and want of consideration, the rejection of evidence to prove plaintiff's inducing statements as to the machine's capacity, and the amount of fence that could be built with it, based on plaintiff's own observation and knowledge was error, since such statements were representations of fact, and not mere expressions of opinion.

EVIDENCE: *Admissibility.* It was error to reject defendants' evidence as to the value of the machine and the work it was capable of doing, since such evidence was competent and material to show that it could not do the work plaintiff stated it had done and could still do.

*Appeal from Wapello District Court.*—HON. T. M. FEE, Judge.

THURSDAY, MAY 24, 1900.

ACTION at law upon a note. Defense, want of consideration and fraud. There was a directed verdict for the

plaintiff and judgment thereon. Defendants appeal.—
*Reversed.*

*Steck & Smith* for appellants.

*W. R. Nelson* for appellee.

SHERWIN, J.—The defendants' answer tendered the direct issues of fraudulent and false representations in the procurement of the note in suit, and want of consideration. The note was given for patent-right territory which was sold to the defendants by the plaintiff, acting as the agent of W. E. Funson and A. Olson, to whom the note was made payable. The right sold was the use of a fence-building machine, of the merits of which the defendants knew absolutely nothing. Upon the trial the defendants offered evidence to prove inducing statements made to them by the plaintiff as to the capacity of the machine and the amount of fence that could be built per day with it, based upon the plaintiff's own observation and knowledge. This was evidence tending to show false representation as to what the machine had already done, and based upon that, what it could do. It was the representation of a fact which was exclusively within the knowledge of the plaintiff, and not the expression of a mere opinion. The evidence was competent. *Machine Co. v. Williams,* 99 Iowa, 601. The court also rejected evidence offered by the defendant as to the value of the machine and the work it was capable of doing. Under the issue tendered, it was certainly competent and material to prove that it could not do the work the plaintiff stated it had done and could do still. *Clark v. Ralls,* 50 Iowa, 275. The other errors assigned are not likely to arise upon a retrial of the cause; consequently we do not notice them. For the errors noticed, the case is REVERSED.