C. M. HINSDALE v. C. E. McCUNE, Appellant.

**Landlord and tenant:** CONTEMPORANEOUS ORAL AGREEMENT: FRAUD.
1  It is competent to show by parol that a written lease was made subject to a condition, or that it was procured by fraud.

**Same:** FALSE REPRESENTATIONS. The representation that one has a
2  personal knowledge of the materials used and manner of construction of a building, and that they are such as to be suitable to a particular business, is the statement of a fact and not the expression of an opinion.

**Same:** BREACH OF WARRANTY: WAIVER. A tenant who had no personal
3  sonal knowledge of the construction of a building until some time after he had entered into possession, but relied upon the representations of his landlord, and upon learning that the same did not comply with the lessor's warranty so notified the latter and remained for a time at his request, did not waive the breach of warranty as a matter of law.

*Appeal from Jasper District Court.*— HON. BYRON W. PRESTON, Judge.

WEDNESDAY, OCTOBER 23, 1907.

SUIT to recover rent.   There was a directed verdict for the plaintiff, and from a judgment thereon the defendant appeals.— *Reversed.*

*E. J. Salmon* and *N. T. Guernsey,* for appellant.

*Morgan & Korf,* for appellee.

SHERWIN, J.— This action was brought to recover rent alleged to be due under a written lease for the term of five years.   The defendant took possession of the premises in the early part of November, 1903, and continued his possession until the following October.   Some time in December, 1903, the parties executed a written lease for a term of five years.   In the lease it was stipulated that the lessor was to heat the room and furnish the necessary water for the defendant's business as a barber, and that the room was to be used by the defendant as a barber shop, and for no other purpose.   The execution of the lease was admitted in the answer, but the defendant also pleaded that it was executed and delivered pursuant to a parol agreement, made prior to its execution, that its execution and delivery should be upon the condition that the premises were suitable for the purposes for which the defendant desired to use them, and that, if it was subsequently found that they were not dry, but damp, and were unsuitable for the business, the lease should not take effect, but should be inoperative and void; that, to induce the execution of the lease, the lessor represented that tile and concrete had been used in the construction of the building, and that it had been so constructed that the premises could not become damp, but would be suitable for occupation as a barber shop; and that such representations were false and fraudulent, avoiding the lease.

As we understand the record, there was evidence supporting these defenses, and nothing to contradict it.   That it is competent to show by parol that a written agreement is

subject to a condition, or is not to go into effect until certain

**1. LANDLORD AND TENANT: contemporaneous oral argument: fraud.**

matters have been determined, is well settled. *Sutton v. Weber*, 127 Iowa, 361; *Oakland Cemetery Co. v. Lakins*, 126 Iowa, 121; *Mt. Vernon Stone Co. v. Sheeley*, 114 Iowa, 313; *McKnight v. Parsons*, (Iowa), 113 N. W. 858. It is also the rule that parol evidence is competent to assail the validity of a contract when it is claimed that it was procured by fraud. *Harvesting Machine Co. v. Williams*, 99 Iowa, 601. A lease is nothing but a contract, and is governed by the same rules that other contracts are. Taylor on Landlord & Tenant (9th Ed.) section 382.

The plaintiff herein had just constructed the building and will be presumed to have had personal knowledge of the manner of its construction and the material used therein.

**2. SAME: false representations.**

In order to induce the defendant to enter into the lease, he represented to him that he had personal knowledge that the basement was concreted and built with tile under the floor and around the walls, and that he knew that the walls were so constructed as to render the room fit for the defendant's business, and so constructed that the room could not become damp. These representations were, as to matters of fact, not mere matters of opinion. The representation that one has personal knowledge of a fact, whether the representation be true or not, is not the statement of an opinion merely. *Merrillat v. Plummer*, 111 Iowa, 643; *Brown v. Holden*, 120 Iowa, 191; *Riley v. Bell*, 120 Iowa, 618.

The actual defect in the construction of the building was not discovered until April, 1904, at which time the defendant made complaint to the plaintiff and was assured by

**3. SAME: breach of warranty: waiver.**

him that the walls would be rebuilt and the room made to comply with his warranty, and the defendant was requested to remain in the room and to give the plaintiff a reasonable time in which to make the necessary changes. The defendant did occupy the

room until in October, as we have heretofore said.   The defendant had no personal knowledge of the construction of the building until long after he had entered into possession thereof.   As soon as its actual condition became known to him, he notified the plaintiff thereof and remained there only at the plaintiff's request and upon his assurance that the defects therein would be remedied.   There was no waiver in this.   At least it was a question for the jury.

There was error in directing a verdict for the plaintiff, and the judgment must be, and it is, *reversed.*