McCASKEY REGISTER COMPANY, Appellant, v.
W. D. HALL.

Sales: COLLATERAL ORAL AGREEMENT. It is competent to show that a written contract for the purchase of an article was subject to a collateral oral agreement that the purchaser was to have a certain time in which to use and try the same.

*Appeal from Dallas District Court.*—HON. EDMUND
NICHOLS, Judge.

FRIDAY, OCTOBER 30, 1908.

SUIT to recover the price of an account register. There was a trial to a jury, and a verdict and judgment for the defendant. The plaintiff appeals. *Affirmed.*

*Giddings & Winegar,* for appellant.

*White & Clark,* for appellee.

SHERWIN, J.—This action is based on a written order for a McCaskey account register; the petition alleging a delivery of the register in accordance with the order. The defendant pleaded that the order was never completed; that it was the oral agreement between himself and the plaintiff's agent that the written order should not be complete or constitute a contract between the parties until a provision was inserted therein giving the defendant thirty days in which to try and make use of said register; that such provision was never inserted in the order, and because thereof the order never became effective or a contract between the parties. The court received evidence tending to show the oral agreement as alleged, and of this ruling the appellant complains, basing its complaint upon the rule that parol evidence may not be received to vary the terms of a written agreement. This rule is conceded by the appellee, but he claims that the evidence offered did not vary the terms of a written contract because it went only to the question whether there had in fact been a contract between the parties, and we think this contention must be sustained. If it was true that the contract was not to be complete or to be delivered until the provision mentioned had been inserted therein, it is clear that without such provision there was no meeting of the minds of the parties and no contract. It is well settled that it is competent to show by parol that a written agreement is subject to a contract agreed upon collaterally. *Cavanaugh v. Iowa Beer Co.* 136 Iowa, 236; *Hinsdale v. McCune,* 135 Iowa, 682; *Sutton v. Griebel,* 118 Iowa, 80; *Sutton v. Weber,* 127 Iowa, 365.

Instruction 9 is complained of, but it clearly laid down the rule that we have just stated, and is therefore

correct. The trial court committed no error in admitting the testimony in question nor in its instruction, and the judgment must therefore be *affirmed*.