TRANSPORT TRUCK & AUTO COMPANY, Appellee, v. IOWA MUTUAL INSURANCE COMPANY OF DEWITT, Appellant.

**EVIDENCE:** Parol as Affecting Writings—Oral Conditional Delivery. A writing by the holder of a policy of fire insurance, surrendering all right under the policy, may be shown to have been delivered under the *oral* condition that the writing should not be effective until the expiration of the time to which the premium already paid would carry the policy.

*Appeal from Linn District Court.*—ATHERTON B. CLARK, Judge.

MAY 13, 1924.

ACTION on a fire insurance policy. Judgment for the plaintiff, and the defendant appeals.—*Affirmed*.

*Pascal & Pascal*, for appellant.

*Barnes, Chamberlain, Hanzlik & Thompson*, for appellee.

FAVILLE, J.—On the 14th day of October, 1921, appellant issued and delivered to appellee its policy of insurance sued upon in this action, covering property of appellee's which was subsequently destroyed by fire. The policy was to be effective for one year from the 26th day of November, 1921, noon standard time, and was a renewal of a policy which had been previously issued by appellant to appellee. At the time the policy in suit was delivered, the total premium due was $44.25; but a check for $6.64, being a dividend or refund on the former policy, was delivered with it to appellee. Lola Moore, who was secretary and treasurer of the Transport Truck & Auto Company, appellee, requested the agent of appellant, O. B. McKinley, to credit

the $6.64 check on the premium. This was done, leaving a balance due on the policy, of $37.61. A fire occurred in the garage of the appellee on the 25th day of December, 1921, and destroyed property covered by the policy, which it is conceded was of the value of $1,872.17. So far, the facts are all conceded by both parties.

It appears that the $6.64 would have paid the premium on the policy for a period several days beyond the date of the fire. It further appears that, on or about December 21, 1921, the agent of appellant called upon appellee, to collect the balance due on the premium. At that time, the officer of appellee informed the agent that appellee could not pay the balance due on the premium that day. There was some discussion as to whether or not the period covered by the $6.64 had then expired. The officer of appellee could not find the policy at the time, and a so-called lost policy receipt was signed at the time, and given to the insurance agent. Said receipt is as follows:

"For value received I hereby surrender, release and relinquish all my right, title and interest in policy No. 88359 of the Iowa Mutual Insurance Company of DeWitt, Iowa, issued at its Cedar Rapids, Iowa, Agency, together with all advantages to be derived therefrom, said policy having been lost or mislaid. I agree to make no claim whatever for any loss, claim or damages for which said company would be liable under said policy, and I further agree to return, without further compensation, said policy to the company if same should be found. We hereby certify that said policy has not been assigned or transferred.

    "Transport Truck & Auto Co.,
    "Signed by L. Moore,
    "Address Cedar Rapids, Iowa.
"Dated December 21, 1921."

The vital question in the case is with regard to the claim of appellee that said receipt was given to the insurance agent under a parol agreement between the parties, at the time, to the effect that delivery of the receipt was not to be effective until the expiration of the period for which the policy would run under the premium of $6.64 that had been paid. The evidence

on the question was in conflict, and clearly presented a question for the jury.

Appellant contends that the court erred in permitting appellee to offer testimony, over appellant's objections, in regard to the alleged oral agreement of the parties respecting said matter, at the time of the execution of the receipt. Appellant invokes the familiar parol-evidence rule.

The testimony did not seek to change, vary, or alter the terms of the written instrument, but was solely directed to the one question as to the time when delivery was to become effective and the instrument operative. Delivery is largely a matter of intention, and mere transfer of manual possession does not constitute a legal delivery, if there is an agreement to the contrary. We have frequently recognized the rule that parol evidence is admissible to show that delivery of a written instrument was not to become effective except upon the happening of a condition precedent. Where the instrument is silent on the matter of delivery, parol proof of such a condition precedent to full legal delivery does not alter the terms of the written instrument, and does not violate the parol-evidence rule. *Sutton v. Griebel,* 118 Iowa 78; *Sutton v. Weber,* 127 Iowa 361; *Hinsdale v. McCune,* 135 Iowa 682; *Oakland Cem. Assn. v. Lakins,* 126 Iowa 121 (3 Ann. Cas. 559); *McCaskey Reg. Co. v. Hall,* 140 Iowa 87; *Waukee Sav. Bank v. Jones,* 179 Iowa 261; *Travers-Newton Chautauqua System v. Naab,* 196 Iowa 1313.

The court did not err in admitting the testimony of appellee as to the oral agreement respecting the time when delivery of the instrument was to become effective.

The sufficiency of the evidence to sustain the verdict is challenged. It presented a question for the jury. We cannot interfere with their finding.

The judgment is—*Affirmed.*

Arthur, C. J., Evans and Preston, JJ., concur.