STANDARD OIL COMPANY, Appellant, v. E. L. KINSETH et al.,
Appellees.

**APPEAL AND ERROR:** Presentation of Grounds of Review—Failure
1 **to Present.** Grounds for review which are first presented on appeal will not be considered. (See Book of Anno., Vols. I, II, Sec. 12827.)

**LANDLORD AND TENANT:** Leases—Conditional Delivery. No con-
2 tract relation is created by the execution of a lease and the delivery thereof on a condition which later fails.

Headnote 1: 3 C. J. p. 689. Headnote 2: 35 C. J. p. 1155.

Headnote 1: 2 R. C. L. 183.

*Appeal from Wright District Court.*—B. R. BRYSON, Judge.

NOVEMBER 22, 1927.

Action to recover possession of a certain lot in Belmond, Iowa, under a claimed right of possession thereto under a written lease. The defendants admitted the making of the lease, but claimed that it was obtained by fraud and false representations, and that it did not express the true agreement of the parties, and pleaded rescission and prayed that the lease be reformed and canceled. The case was transferred to equity. The court held that the defendants were entitled to cancellation and rescission of the lease, and dismissed the plaintiff's petition.—*Affirmed.*

*Blythe, Markley, Rule & Clough,* for appellant.

*W. E. Bullard* and *Sylvester Flynn,* for appellees.

FAVILLE, J.—Defendants are the owners of Lot 5, in Block 19, Belmond, Iowa. Upon said premises they have erected a gas filling station. They have a contract with the Sinclair Oil Company to sell their products at said station, and were so doing at the time of the transaction herein referred to. The appellant also maintained a gas filling station in said town. On or about the 5th day of February, 1926, the parties hereto entered into a written lease of the said premises, whereby the appellant undertook to lease the same from the 1st day of April, 1926, to the 1st day of April, 1931. Said lease was acknowledged. Subsequently, the appellees refused to deliver possession of said premises to appellant, and this action was instituted to recover possession thereof.

I. This action was started as an ordinary action of right, under Section 12231 of the Code of 1924. Equitable defenses were pleaded by the appellees, and the cause was transferred to equity for trial. The appellees now contend that the appellant cannot maintain this action for possession of the premises in question merely as a lessee, but is limited to a right of recovery for damages, and that no damages were shown. This question does not appear to have been raised at any time or in any manner by the appellees in the trial court. Both parties proceeded to trial in equity, without objection to the form of the

1. APPEAL AND ERROR: presentation of grounds of review: failure to present.

proceeding or the relief sought thereunder. The question cannot now be raised for the first time, and we give it no consideration.

II. There is no question but that the appellees entered into a written contract with the appellant, leasing to the appellant the property in question for a term to begin on April 1, 1926.

2. LANDLORD AND TENANT: leases: conditional delivery.

This written instrument was left in the possession of the agent of the appellant. The appellees contend that there was no legal delivery; that, while the instrument was left in the possession of the agent of the appellant, it was upon condition, and with the understanding and agreement that it was not to be delivered or become effective if, at said time, the appellees had an outstanding agreement under which they were bound to the Sinclair Oil Company. Appellees were selling the products of the Sinclair Oil Company at said station at the time. It appears that, at the time of the signing of said lease in suit, some question arose as to the rights of the Sinclair Oil Company. The appellees were in some doubt as to just what the rights and obligations between them and the Sinclair Oil Company were. Their contention is that the delivery of the contract in question to the appellant's agent was with the understanding that delivery would not be effective if it was subsequently discovered that the Sinclair Oil Company held a contract with the appellees, and that, when it was discovered that the Sinclair Oil Company had such a contract, the appellees promptly notified the appellant of their refusal to be bound by said lease.

We have recognized the rule that a contract, duly executed, may be delivered upon condition, and that, if the condition fails, the contract does not become effective. *Sutton v. Griebel,* 118 Iowa 78; *Travers-Newton Chaut. System v. Naab,* 196 Iowa 1313; *Transport Trunk & Auto Co. v. Iowa Mut. Ins. Co.,* 197 Iowa 1297. The question in this case at this point is a question of fact, as to whether or not the contract, after it was executed, was turned over to the agent for the appellant with the understanding that it was not to be legally delivered except upon certain conditions.

The evidence on this question is in direct conflict, and is not altogether free from doubt. We are constrained, however, to acquiesce in the conclusion of the trial court that, under all

of the facts and circumstances shown by the record, the appellees carried the burden resting upon them at this point.

III. It is also contended that the execution of the lease was induced in part by the promise of the appellant that an oil station then being operated by the appellant in the town of Belmond would be closed if said lease were executed. The promise, if made, was an inducement to the appellees to enter into said lease. The appellees were to continue to operate the filling station on a commission basis, but were to sell the products of the appellant, instead of those of the Sinclair Oil Company. It would be to their advantage to have the other station in the town, which appellant then operated, closed. Appellant contends that all that was said in regard to said matter was merely speculative, and pertained wholly to what might happen in the future. We think the statements of appellant's agent in this regard, under the record, were more than mere speculation and expressions of opinion as to what might happen in the future. It was an important part of the inducement to the signing of the written lease. The appellant denies that such a promise was made, and refuses to be bound thereby. Under such a situation, appellees' claim is a proper matter to consider at this time in this action for possession under the lease. The evidence on this question is also in great conflict, but, on the whole, we are content with the conclusion of the trial court.

The order and judgment are—*Affirmed.*

EVANS, C. J., and STEVENS, KINDIG, and WAGNER, JJ., concur.