Barhydt & Co. v. Bonney.

---

BARHYDT & CO. v. BONNEY ET AL.

55  717
93  445

55  717
d104 561

1. **Evidence:** PAROL TESTIMONY TO CONTRADICT WRITTEN INSTRUMENT. A written contract cannot be varied or contradicted by parol evidence of prior agreements between the parties.

*Appeal from Madison Circuit Court.*

THURSDAY, APRIL 21.

THIS is an action upon a promissory note for the sum of $502.88, executed by Moses Bonney to plaintiffs, dated March 15th, 1878, due twelve months after date, and to foreclose a

mortgage executed to secure said note. The cause was tried to the court, and relief asked by the plaintiffs was granted. The defendants appeal.

*Wainwright & Miller*, for the appellants.

*Ruby & Wilkin*, for the appellee.

DAY, J.—The note in suit was given in settlement of the price of certain bills of boots and shoes purchased by the defendant, Moses Bonney, of the plaintiffs. The defendant claims that, when he bought the bills of goods of the plaintiffs' agent, it was agreed that they should take land in payment for the goods, if he had not the money to pay for them when the bills matured. He tendered to the plaintiffs a deed for the land mortgaged, forty acres, and insists that the plaintiffs are under obligation to take the land in full satisfaction of the debt. Parol evidence of a prior contract, which would transform the promissory note into an agreement payable in property, is not admissible. If any such agreement was originally made, the conclusive presumption of the law is that it was waived when the note was executed upon twelve months' time, without any reference to such agreement. In the absence of fraud, accident or mistake, none of which are claimed to exist in this case, all prior or contemporaneous agreements are presumed to have been abandoned or merged in the written contract. Incorporated in the mortgage is the following provision: "And it is hereby agreed that, if the said Moses Bonney fails to pay the note when due, he is to make a warranty deed to the above described premises without suit." This mortgage was executed by the defendants in the absence of the plaintiffs or any one representing them, and it was after execution delivered to and accepted by the plaintiffs' attorneys. By accepting the mortgage and seeking to foreclose it, the plaintiffs are bound by its terms. They cannot ignore any of its provisions. But they are bound only by the provisions of the

1. EVIDENCE: parol testimony to vary writing.

mortgage, and not by any enlargement of its terms through parol testimony. The mortgage does not provide that the mortgagee shall accept the mortgaged property in full satisfaction of the debt. It cannot be construed to have that meaning without the aid of proof of a prior contract, which, as we have already said, is not admissible. The court did not err in the judgment rendered.

AFFIRMED.