[The three opinions next following were held back on petitions for re-hearing, and did not reach me in time for insertion in their proper order.—REPORTER.]

## DICKSON v. HARRIS.

1. **Promissory Note:** PAROL TO VARY NATURE OF CONTRACT. Where defendant received of plaintiff $200, and gave his promissory note in due form therefor, he cannot, in an action upon the note, be allowed to show by parol testimony that he received the money only to be paid out at plaintiff's request, in discharge of a debt owing by plaintiff's son, and that the note was intended only for a receipt.

2. ———: ———: WANT OF CONSIDERATION. Neither can such testimony be admitted under pretext of showing that the note was without consideration; for the receipt of the money, in connection with the contemporaneous execution of the note, raises a legal presumption that the $200 was the consideration of the note—a presumption which cannot be rebutted by testimony of a parol contemporaneous agreement changing the nature of the written contract.

3. ———: ———: OFFSET. Neither, in such case, can the defendant be allowed to show, as an offset to the note, that he paid out the money in satisfaction of. the debt of plaintiff's son, when the only pretended authority for making such payment was the said contemporaneous oral agreement, which is itself inadmissible.

| 60 | 727 |
| d104 | 561 |
| 60 | 727 |
| 108 | 706 |
| 60 | 727 |
| 109 | 186 |
| 60 | 727 |
| f130 | 387 |
| 60 | 727 |
| 132 | 7 |
| 60 | 727 |
| 134 | 547 |

*Appeal from Washington Circuit Court.*

FRIDAY, SEPTEMBER 22.

THE plaintiff brings this action to recover of the defendant the amount of a promissory note, executed by the defendant to the plaintiff, for the sum of $200, dated December 21, 1870, payable twelve months after date, with interest at eight per. cent, and upon which are several indorsements of credits aggregating $136.

The defendant answered, admitting the execution of the note, and alleging that on the day of its execution the plaintiff, on his own motion, gave the defendant $200, which he requested the defendant to carry from Ohio to Washington, Iowa, and apply it in discharge of a judgment against plaintiff's son, and defendant took the money, promising that he would so apply it; that said note was executed as a memorandum to show that said money had been so received, and as a guaranty that it should be so applied; that defendant took said money to Washington, and applied it as requested, in payment of said judgment, and that, by his so applying it immediately after the execution of said note, he fully satisfied the same. The defendant for answer says that, near the time of the date of said note, he paid for the plaintiff, at his instance and request, $200 on a judgment against the plaintiff's son, which should be applied in payment of the note and as an offset thereto. The cause was tried to a jury, which was directed by the court to return a verdict for the plaintiff. The defendant appeals.

*McJunkin & Henderson* and *E. G. Wilson*, for appellant.

*Jackson Roberts*, for appellee.

DAY, J.—I. The execution of the note, and the receipt by the defendant of $200 from the plaintiff, at the time the note was executed, are admitted. The plaintiff's son is the defendant's son-in-law. The defendant's counsel produced the defendant as a witness, and pro-

1. PROMISSORY note: parol to vary nature of contract.

Dickson v. Harris.

posed to prove by him, that the plaintiff, having been informed by the defendant of the plaintiff's son's necessities, gave the defendant, at the time of the execution of the note in suit, $200, for which the note was executed, and requested the defendant to apply that amount of money for the plaintiff, in discharge of a debt against the plaintiff's son, in Iowa; that witness took the money and brought it to Iowa, and applied it as requested in payment of a judgment against the plaintiff's son; and that the note was given upon this consideration alone, and was not intended, between the parties, to operate as a note, but merely as a memorandum of the amount of money recieved, and that it was agreed at the time the note was made that the payment of the money in the way agreed upon should be a satisfaction of the note. This proffered testimony was rejected. It is to be observed that the defendant does not allege in his answer, nor propose to show, that the note never had any legal existence, by reason of fraud, accident, or mistake, or for want of due execution and delivery, or for any illegality in the subject-matter. The defendant, whilst admitting that he executed the note with full knowledge of its terms, and of every fact connected with it, seeks, by parol contemporaneous testimony, to transform the note into a mere memorandum or receipt. That he cannot do this seems to us almost too plain for discussion. In the 2d volume of Parsons on Notes and Bills, page 501, it is said: "If the defendant endeavors to prove an oral bargain between himself and the plaintiff, which differs in its terms from the written note, it will then be remembered that it is a firmly settled principle that parol evidence of an oral agreement alleged to have been made at the time of the drawing, making, or indorsing of a bill or note, cannot be permitted to vary, qualify, or contradict, to add to, or subtract from, the absolute terms of the written contract. The exceptions to this rule are cases of fraud, illegality, or want of consideration." On page 507, of the same work, it is said: "Parol evidence of a contemporaneous agreement that a note in the usual form was intended to

stand in place of a receipt, and that the sum for which it was given was intended as payment of a prior debt of the defendant's father, is not admissible." On page 525, of the same work, is this language: "An instrument which has the form of a promissory note, but was never executed or received as such, may be shown by parol to represent a different bargain from the one its terms import. But in a note in the usual form, and regularly delivered, parol evidence cannot properly be admitted to prove any special purpose directly repugnant to the terms of the note." In harmony with this rule, and illustrative of it, see the following cases in this court: *Atherton v. Dearmond*, 33 Iowa, 353; *Atkinson v. Blair*, 38 Id., 156; *Barhydt v. Bonney*, 55 Iowa, 717. See, also, Daniel on Negotiable Instruments, section 80. The case of *Billings v. Billings*, 10 Cushing, 178, is directly in point and holds that parol evidence is not admissible to show that a promissory note in the usual form was intended as a receipt. See, also, *Underwood v. Simonds*, 12 Met., 275; *Sylvester v. Staple*, 44 Me., 496; *Cooper v. Tappan*, 4 Wis., 362 (369); *Hightower v. Ivey*, 2 Porter (Ala.), 308; *Hupuy v. Gray*, Minor, 357. The case of *Beal v. Beal*, 20 Ind., 163, relied upon by appellant, is, we think, opposed to the weight of authority, and unsustainable upon principle. The case of *Grierson v. Mason*, 60 N. Y., 394, is distinguishable from the case at bar. In that case it was held competent to prove that a writing drawn by the defendant, and executed by the plaintiff's assignor, was delivered to a third party to enable the defendant to obtain advances on goods, and was not intended as a contract between the parties thereto, nor as modifying a parol agreement before that time entered into. The case falls short of holding that an instrument, on its face a promissory note, duly executed and delivered, may be shown by parol evidence to be a mere receipt, and not to constitute, as its terms import, an agreement to pay money. The following pertinent language is found in 2 Parsons' Notes and Bills, page 502: " The obvious inference must be, that all that the

parties did in fact agree to was put into due written form; and that all collaterals and appendages, concerning which there was merely conversation, was precisely what they could not agree upon. This of course is not always the true inference, but it is of necessity the legal inference; and the rule that an absolute note cannot be varied by evidence is held in equity as in law."

If the defendant in this case simply intended to acknowledge, the receipt of $200 to be delivered to plaintiff's son, as is claimed, it is incredible that he should, instead of a receipt, have executed his promissory note payable in twelve months, with interest at eight per cent. It is apparant that, to admit such evidence as was offered in this case, would render written instruments of little value, and open wide the door for fraud and perjury.

II. It is said, however, that the proffered testimony tended to show a want of consideration for the note. The defendant

2. ——: ——: admits that he received $200 from the plaintiff
want of con-
sideration. when he executed the note. The fact of the receipt of this money, in connection with the contemporaneous execution of the note, raises a legal presumption that the $200 constituted the consideration of the note. To rebut this presumption, the defendant claims that he may prove a contemporaneous agreement, showing the transaction to be altogether different from what the law imports, and which would in fact transform the note into a mere memorandum of a different agreement. This cannot be done under pretext of showing a want of consideration. The cases of *Atherton v. Dearmond* and *Barhydt v. Bonney*, bear directly upon, and are decisive of, this question.

III. It is claimed that the defendant, as an offset to the note, should have been allowed to prove the payment of $200

3. ——: ——: to the use of the plaintiff's son, at the plaintiff's
offset. request. But for authority to make this payment the defendant comes back to the parol agreement made at the time of the execution of the note. It is not claimed that

any request was made of, or authority was given to, the de-
fendant to pay $200 to the plaintiff's son, other than what
occurred when the note was executed. It is clear that to ad-
mit such proof would altogether defeat the purposes of the
note.

