## MASON v. MASON.

1. **Promissory Note**: PAROL TO CONTRADICT: RULE APPLIED. A son purchased certain stock at a public sale held by his father, and gave his note for the stock, upon the delivery of the same to him. In an action by the father on the note, the son sought to show that, at the time of the sale, his father told him that he might buy all the stock he wanted, and give his note for it, and that he would hold the note simply as a receipt for so much money as an advancement, and that the note was so given and received   *Held* that this evidence was not admissible, under the ruling of *Dickson v. Harris*, 60 Iowa, 727, as the effect of it was to show that the note was intended for a receipt, and not that it was without consideration.

*Appeal from Ringgold District Court.*

SATURDAY, OCTOBER 8.

ACTION upon a promissory note made by the defendant, George W. Mason, to the plaintiff, Thomas H. Mason. The defendant averred that the note was was given without any consideration. He also set up a counter-claim against the plaintiff, in the nature of an account for boarding the plaintiff, and certain laborers in his employ, and for teaming, and for money advanced, for the plaintiff. There was a trial by jury, and a verdict and judgment for the defendant. Plaintiff appeals.

*Laughlin & Campbell*, for appellant.

*J. W. Brockett* and *Askren & Spence*, for appellee.

ROTHROCK, J.—I. The principal controversy in the case was as to the plaintiff's right of recovery upon the note. It is in the sum of $206.27. The plaintiff is the father of the defendant, and the note was given in the state of Pennsylvania, where both parties resided at the time. The defendant by his answer, and in his testimony as a witness, claimed that, on the day on which the note was given, the plaintiff held a public sale for the purpose of disposing of certain

personal property.   Among this property was a cow to which defendant made a claim, on the ground that his mother had given the cow to him ; that plaintiff stated, when the claim was made, that the defendant could buy in the cow, and any other property that he wanted, at the sale, and give his note, so that it would show that much money, and that would be the same as money advanced.   In answer to an interrogatory as to how the note was executed, "and all about it," the defendant testified as follows :   " The day the sale was going on, he drove up a cow that my mother had given me, and he told me he would sell her.   I said, ' Didn't mother give me that cow for breaking?'   He said yes, he knew she had, and all the stock I wanted to buy I could give my note for it ; that he hadn't given me any money to make me equal with the rest, and he wanted to show that I had got that much money advanced."   He further testified that when the property was offered for sale he bid for and bought such as he desired, including the cow ; and at the close of the sale, on the same day, he gave the note in suit for all the property he had bought.

The plaintiff objected to all this evidence, because it was incompetent, being parol evidence of an agreement, made at the time the note was given, which contradicted the note. The objection was overruled ; the court holding that it was competent to show that the note was given for an advancement.   And the court instructed the jury upon this question as follows :   " If you find, by a preponderance of evidence, that at the time the note in suit was given the same was given for certain property purchased of plaintiff by defendant, and that said note was only given as evidence of an advancement, and as a receipt therefor, then plaintiff cannot recover on said note."

The maker of a promissory note may, as against the payee, show that the instrument was given without consideration ; and such a showing is a complete defense to an action upon the note.   But it is an elementary principle of the law that

a written contract cannot be varied or contradicted by parol evidence of prior or contemporaneous agreements between the parties. This rule applies to promissory notes. *Atherton v. Dearmond*, 33 Iowa, 353; *Barhydt v. Bonney*, 55 Id., 717; *Dickson v. Harris*, 60 Id., 727. In the last named case, it was held that the maker of a promissory note could not be allowed by parol to show that the note was intended only as a receipt. That case would seem to be decisive of the case at bar. But it is contended that the relation of father and son, and the intention to make an advancement to the son, may be shown, upon the theory of want of consideration for the note; and it is not denied that there are authorities so holding. See *Buscher v. Knapp*, 107 Ind., 340; S. C., 8 N. E. Rep., 263; (supreme court of Indiana;) *Ruch v. Biery*, 11 N. E. Rep., 312, (supreme court of Indiana;) *Peabody v. Peabody*, 59 Ind., 556; *Harris v. Harris*, 69 Ind., 181.

It seems to us that the rule of these cases cannot be reconciled with the previous rulings of this court. It is true that we have never had occasion to apply the rule that a written instrument cannot be contradicted by parol evidence, in a case where it was claimed a promissory note was given for an advancement. But having explicitly held, upon mature consideration, and after a petition for rehearing, in *Dickson v. Harris, supra*, that a promissory note cannot be shown by parol evidence to have been intended as a receipt, it necessarily follows that a child cannot be allowed to prove by parol that a note given to his parent was intended as a mere receipt for an advancement. It may be, if a parent should make an advancement to a child, and actually deliver the money or property advanced, and, after thus fully executing the gift, he should take a promissory note, the note would be void as being wholly without consideration. It would be a transaction independent of the gift, in that the gift was fully executed. But that is not the question presented in this case. The defendant bid upon the property, and it was sold to him the same as

it was to other bidders, and he gave his note the same as other purchasers, and all that was done was in effect one transaction. He gave the note when the property was delivered to him.

We think that there is nothing in the nature of an advancement which should be an exception to the general rule.    An advancement is defined to be "a pure and irrevocable gift by a parent in his life-time, to his child, on account of such child's share of the estate on the parent's decease."    Brightly, Eq. Jur., 389 ; *Yundt's Appeal*, 13 Pa. St., 575 ; *Miller's Appeal*, 31 Pa. St., 337.    There is no legal obligation upon a parent to make advancements to his children.    They import no more than mere gifts.    Blood or natural affection is not a sufficient consideration to support a simple executory contract ; and a promissory note, made upon no other consideration than that of equalizing the distribution of the promisor's estate after his decease, is without a sufficient legal consideration, and cannot support an action against the maker. *Parish v. Stone*, 14 Pick., 198.    If, then, an advancement is a mere gift, and a promise to make an advancement is of no more binding force than an agreement to make an ordinary gift, there is no reason why the general rule that a written instrument cannot be contradicted by parol evidence should not obtain in one case the same as in the other.    It must be remembered that the defendant received the property for which the note was given.    There was a consideration ; but the defendant seeks to show that the note was intended as a mere receipt, which we think he cannot be allowed to do.

II.    The jury returned a verdict for the defendant, upon his counter-claim, for $85.    Upon the submission of the motion for a new trial, the defendant remitted the amount found in his favor, and only asked judgment for costs, and judgment was so rendered.    If the rulings of the court were correct in admitting the parol evidence as to the validity of the note, there was no error in the judgment.    But, as we hold that the parol evidence was incompetent, the cause must be

Reversed.