THE FIRST NATIONAL BANK OF STORM LAKE, IOWA, Appellant, v. ZEPH CHARLES FELT AND H. J. LEYSON.

**Note Given to Deceive Comptroller: CONSIDERATION:** *Evidence.* In a suit by a national bank upon a note executed to it by defendant, where the bank is solvent, and the rights of creditors are not involved, defendant may show that it was executed without consideration, to take the place, on the bank's books, of a note given the bank by one of its debtors, after the comptroller of the currency had objected thereto, and that it was understood by all parties that the note created no liability against the defendant.

**SAME.** Evidence that such note was executed to a bank by one of its officers to take the place, on the books, of a note from a debtor, after the comptroller of the currency had objected therto; that the bank officers agreed that the note should create no liability against the defendant; that the debtor's note was also retained by the bank, and a mortgage taken thereafter to secure the same,—shows that the defendant's note was without consideration.

*Appeal from Buena Vista District Court.*—HON. LOT THOMAS, Judge.

TUESDAY, JANUARY 26, 1897.

ACTION upon two promissory notes. Jury waived. Trial to the court. Judgment against plaintiff for the costs. Plaintiff appeals.—*Affirmed.*

*Wm. Milchrist, A. D. Bailie,* and *Carr & Parker* for appellant.

*Cummins, Hewitt & Wright* and *F. H. Helsell* for appellees.

KINNE, C. J.—I. These causes were tried below together, upon the same testimony, and are before us for determination upon one record. The matters for

consideration upon this appeal arise upon two counts of the petition. The first is to recover of the defendant Felt upon a note for one thousand one hundred and six dollars, signed by him, and payable to the plaintiff. The second is to recover upon a note for six hundred and forty-six dollars and ninety-five cents, signed by the defendant Leyson, payable to Felt, and by him indorsed to the plaintiff. The defense pleaded to the one thousand one hundred and six dollar note, is that it was without consideration, and executed under the following circumstances: Warner Bros. were indebted to the bank in a sum in excess of ten per cent. of its capital stock. Included in said indebtedness was a note for two thousand three hundred and six dollars, upon which one thousand two hundred dollars had been paid, leaving due thereon one thousand one hundred and six dollars. This was on May 5, 1892. Prior thereto, the comptroller of the currency of the United States had objected to the extent of the credit given to Warner Bros., and as the answer alleges: "That at said time it was deemed necessary by the officers and directors of the plaintiff bank to so change the form of said indebtedness from Warner Bros. that a portion of it might appear to be the indebtedness of a third person; and to meet such contingency this defendant did, on the day aforesaid, execute his note for the amount remaining due upon the said note of Warner Bros., * * * but executed the same wholly for the purpose of protecting the bank from the criticism that would otherwise be made upon the existence of said overloan to the said Warner Bros. That it was known by all the officers and a majority of all the directors of said bank, that said note was given without consideration, and for the purpose aforesaid, and was so given with the express agreement and understanding had with the said plaintiff that it created no obligation

on the part of this defendant to pay the plaintiff any sum of money whatsoever." It is also averred that, at a meeting of the board of directors of plaintiff, held thereafter, they, with full knowledge of all the facts, ratified all that had been done, and the agreement under which the note had been executed. The other note was given by the defendant, Leyson, a bookkeeper in the bank, payable to the order of Felt, and by him indorsed to the bank, and represented an overdraft of Warner Bros. It was executed under the same circumstances, and to accomplish the same purpose, as the note first mentioned. Plaintiff demurred to the count pleading the defenses above set forth, the demurrer was overruled, and thereafter plaintiff replied in denial of the facts relied upon in the answer. This denial pleaded that Warner Bros. were insolvent; that plaintiff held no obligation of Warner Bros. representing the indebtedness evidenced by the note in suit; that the Felt note was given and accepted in lieu of the indebtedness of Warner Bros. to the bank. By agreement, this same reply applied to that count of the answer wherein the defense to the six hundred and forty-six dollars and ninety-five cents note was pleaded. Upon the trial it appeared that the one thousand one hundred and six dollar note contained a memorandum upon its face that it was given on account of the Warner Bros. indebtedness. It was entered upon the discount register, and thereafter appeared upon the books of the bank. Felt was president of the bank and all of the bank officers knew of the circumstances attending the execution of these notes. At a meeting of the board of directors of the bank, held soon after these notes were executed, the discount register, showing their execution, was read in the meeting of the board; and, while there is some question as to what was said upon that occasion, we are

inclined to the opinion that all the members of the board knew of the execution of the notes, and most, if not all of them, were aware of the purpose for which, and the circumstances under which, the notes had been executed. The one thousand, one hundred and six dollar note, which had been given by Warner Bros., still remained the property of the bank, and in its possession. It was not transferred to Felt, and, in view of what happened thereafter, it appears that neither the defendant nor the bank had any thought that the giving of Felt's note for the amount of the Warner note, was to operate as a payment or discharge of the latter; for the bank, long afterwards, repeatedly recognized the indebtedness of Warner Bros. on the note to it, and took a mortgage to secure the payment of it, which the bank afterwards foreclosed. In October, 1892, Felt's connection with the bank ceased, and he moved to Denver. The first demand made by the bank upon Felt, was by the bringing of this suit, about two years after he had left the state. The facts are, in substance, alike in both cases.

II. Had the defendants the right to show that the notes in controversy were given, only, as an accommodation to the bank, and were without any consideration? Was there, in fact, any consideration for the notes? An affirmative answer to these questions will dispose of every material point raised upon the demurrer or the trial, and will be decisive of the case. That we may not be misunderstood, it should be said at the threshold of this discussion that this is not a question between the federal government, acting through the comptroller of the currency, to close up an insolvent national bank, and to secure and preserve its assets for its creditors. Had the bank become insolvent, and passed into the hands of a receiver, it may be that it

would be assumed that creditors had trusted it on the faith of such apparent assets as these notes, and that the defendant, under such circumstances, would be precluded from relying upon a want of consideration, or such other agreements as are sought to be relied upon in this case. Doubtless there are other circumstances under which these defendants would not be permitted to claim a want of consideration for their notes, or that for any reason they should not be held as valid and binding obligations in favor of third parties, who might have a right, in the absence of knowledge to the contrary, to treat them as such, and who would suffer prejudice if such defenses were permitted. The offense, if any, committed by these defendants against the national government, in attempting, by the course pursued, to deceive the comptroller of the currency as to the real condition or extent of the indebtedness of Warner Bros. to the bank, is not involved in this case. In the case at bar the bank is solvent. No creditor has been in any way injured by reason of the execution of the notes sued upon. As we have already indicated, the bank, as it appears, never looked upon these notes as intended to operate as a payment of Warner Bros.' obligations to it. The bank continued to hold Warner Bros.' note, for which the one thousand one hundred and six dollar note was given by Felt. It did not deliver the note of Felt or of Warner Bros. It did not cancel or satisfy the debt for which these notes were given. It did thereafter take mortgages to secure the very debt from Warner Bros. to it, which appellant now claims these notes were taken in payment of. Every act of plaintiff prior to the bringing of this suit shows clearly that its officers and directors did not consider these notes as assets of the institution, and forcibly supports the claim of the defendants that at no time was there any intention of

holding them liable upon the notes, and that it was not the intent, in taking the notes, to have them operate as a payment or cancellation of the debts of Warner Bros., and that they, in fact, did not satisfy any part of said Warner debts to the bank.  If the bank may recover on these notes, the proceeds of its judgments will go to swell its profits.  It will get something for nothing, and its officers and directors who connived at and consented to the trick attempted to be practiced upon the comptroller of the currency, by reason of which it is sought to hold the defendants liable upon the notes, will reap reward in common with all the other stockholders of the bank.  The bank, if it fails to recover, will be in no worse situation than it was before these notes were given  Appellant claims that the case of *Pauly v. O'Brien,* 69 Fed. Rep. 460, and other cases cited, are decisive as to this question. We do not think so.  In *Pauly's Case* a receiver of an insolvent bank brought suit against one who had executed his note to take up and cancel a note then held by the bank.  The case involved the questions: —*First,* as to whether there was a consideration for the note; and, *second,* whether one who had thus given his note would be permitted, as against creditors, to say it was without consideration, and that in any event the defendant could not be heard to say there was no consideration for the note.  No question of creditors is involved in the case at bar.  The bank is solvent, and is seeking to speculate out of an act done by one of its officers,—done with the assent of all the rest of its officers, and with the knowledge and approval of most, if not all, of its directors.  No note or obligation was paid in this case, as we have attempted to show.  Other cases are cited which are not applicable to the questions before us.  Our statute provides that "the want or failure, in whole or in part, of the consideration of a written contract, may

be shown as a defense total or partial, as the case may be, except to negotiable paper transferred in good faith and for a valuable consideration before maturity. * _*_ *" Code, section 2114; 1 Daniel, Neg. Inst., section 174; Tiedeman, Com. Paper, section 154. There can, it seems to us, be no question of the right of the defendants to plead and prove a want of consideration for the notes.

III. Has a want of consideration been established? We think this question must be answered in the affirmative. Appellant's claim is that by the giving of the notes the debt of Warner Bros. to the bank was, to that extent, extinguished. From what has already been said, it is clear that such a result was not intended by any of the parties to the transaction. That it was not in fact done is certain; for, if the debts were extinguished, why was the bank, long thereafter, securing this same Warner Bros. paper by mortgage, and still later foreclosing the mortgages, and reducing the indebtedness of Warner Bros. to the bank. This action of the officers of the bank is not consistent with the claim now made, that the defendants' notes satisfied any part of the debt of Warner Bros. It is not necessary to say more touching this matter. The court below was fully warranted in finding that there was no consideration for the notes.

IV. This court has repeatedly held that the judgment of the trial court, entered in a case tried to the court, stands as the verdict of a jury, and will not be interfered with by us unless palpably against the weight of the evidence; that we will not disturb a judgment based upon evidence which is conflicting. The evidence as to consideration is conflicting, but, as we think, ample to sustain the judgment, and we cannot disturb it. Under our view of the case, it is immaterial as to whether there was, or could be, a ratification of the giving of the notes,

and of the arrangement and agreement claimed by the defendants. We base our decision entirely upon the fact that the notes sued upon were without consideration. The judgment below is AFFIRMED.