## Leonard Marsh v. Nettie Chown and O. D. Chown, Appellants.

**Advancements: consideration.** An advancement made by a parent to his child constitutes no consideration for a promissory note subsequently executed by the latter to the former.

**Parol evidence.** Parol evidence is admissible to show that a note from a child to his father, which is still held by the latter, and given as a mere receipt for an advancement previously made to the maker, under Code 1873, section 2114, providing that the want of consideration for the written contract may be shown as a defense, except as to negotiable paper transferred in good faith and for a valuable consideration before maturity. *Distinguishing Bank v. Felt,* 100 Iowa, 680; 69 N. W. Rep. 1057; *Dickinson v. Harris,* 60 Iowa, 727; *Atherton v. Dearmond,* 33 Iowa, 353; *Barhydt v. Benney,* 55 Iowa, 717; *Mason v. Mason,* 72 Iowa, 457.

**Pleading: striking off:** *Discretion.* Where at the close of the evidence, defendant filed a fourth amendment to his answer, largely repeating what he had previously alleged, it was not an abuse of discretion to strke it out.

*Appeal from Tama District Court.*—HON. G. W. BURN-
HAM, Judge.

## THURSDAY, JANUARY 27, 1898.

THIS is an action at law for judgment on six promis-
sory notes executed by the defendants to the plaintiff.
Defendants filed an answer in two counts, an "amended
answer" in three counts, an "amendment to amended
answer" in three counts, an "additional amendment to
amended answer" in four counts, and at the close of the
evidence an "amendment to their answer" in four para-
graphs, which last amendment the court struck from
the files. These several pleadings are of great length,
covering about fourteen closely printed pages, and so
abound in repetition that it is difficult to gather there-
from the precise defense relied upon. The court might
very properly have required the defendants to file a sub-
stituted answer, and thereby avoid the confusion that
arises from these numerous amendments. The defend-
ants admit the execution of the promissory notes sued
upon, and, as we gather from their answer and amend-
ments, allege the following defenses: That the defend-
ant Nettie Chown is the daughter of the plaintiff, and
wife of the defendant O. D. Chown, and that the
amounts represented by said notes were given to the
defendants as advancements made by the plaintiff to
his daughter under an agreement that the same were to
stand as an advancement to her out of the estate of
plaintiff; that said promissory notes were executed
long after said advancements were made, and under an
agreement that they were to stand as mere receipts to
show the amount of said advancements. As another
defense it is alleged that, in consideration of said
advancements, and that the said amounts should stand

as such, and said notes as mere receipts therefor, defendants agreed to take and keep the plaintiff during his life, and make a home for him, and that in pursuance of said agreement defendants moved from their home in Western Iowa, to West Irving, Tama county, at the request of the plaintiff, and at great expense to defendants, and did keep and care for the plaintiff, and are now, and always since have been, willing to do so, but that shortly before the commencement of this suit, plaintiff, without cause, left the home of defendants; that defendants are willing to carry out their part of said conract. As a defense to the note for one thousand dollars, identified as Exhibit B, defendants allege that in October, 1889, the plaintiff purchased certain real estate in Tama county, and had the title made to his said daughter; that he paid part of the purchase money for said land, which was intended as an advancement to his said daughter, and that long after, at plaintiff's request, defendants executed said note simply to show the amount of said advancements, and that defendants took and retained possession of said land. Defendants alleged that said several agreements were partly oral and partly in writing, the written portion consisting of letters, which letters are lost or destroyed, or in the hands and under the control of the plaintiff. Defendants, by way of counter-claim, ask to recover one thousand dollars for board, lodging and washing furnished to the plaintiff during the years 1889 to 1893, inclusive. Plaintiff's demurrer "to first and second counts of defendant's amendment to amended answer as amended, and to original answer, and to the first, second, and third counts of amended answer," was sustained. Plaintiff, in reply, denies every allegation of said answer as amended, except expressly admitted. He admits that defendant furnished him with board, and did part of his washing during a part of the year 1889, and all of the years 1890 to 1893, inclusive. He

avers that the board and washing done in 1889 was for
him as a member of defendants' family, and in consid-
eration of the use of plaintiff's house, in which the fam-
ily resided, and labor and services performed by the
plaintiff for defendants. Also, that the board, lodg-
ing, and washing done during 1890 to 1893, inclusive,
was by virtue of a special written contract set out. The
case was tried to a jury, and a verdict returned for the
defendants upon their counter-claim in the sum of
five hundred dollars, and in favor of the plaintiff for
one thousand seven hundred and twenty-five dollars.
Defendants' motion for a new trial being overruled,
judgment was entered upon the verdict, from which the
defendants appeal.—*Reversed.*

*J. J. Mosnat* for appellants.

*Struble & Stiger* for appellee.

GIVEN, J.—I. Appellants' first complaint is of the
ruling of the court sustaining appellee's demurrer to
the answer and amendments. The answer and amend-
ments demurred to alleged that the several amounts
shown in the notice were given to and received by appel-
lant Nettie Chown, from the plaintiff, her father, under
an agreement that the same was an advancement to her,
by her father, in anticipation of her share in his estate.
Also, that said notes were executed long after said
advancements had been made and received, and as mere
receipts to show the amounts advanced, and that said
agreements were partly in parol and partly in writing,
by letters, which have been lost, or are in the possession
of the plaintiff. The question raised by the demurrer is
whether these allegations showed a defense, or, in

other words, whether evidence thereof is admissible to defeat a recovery upon the notes. Appellee contends that the promise contained in the notes cannot be varied by prior, or contemporaneous arrangements in parol, or partly in parol and partly in writing. He contends that, as the answer shows that the alleged agreements that these sums should stand as advancements, and that the notes should be as mere receipts, was partly in parol and partly in writing, the plea is as if the agreements were all in parol, and constitute no defense. Appellants contend that an advancement is an irrevocable gift in anticipation of the share of the heir in the estate; that it becomes the absolute property of the one to whom it is given; that it does not create an indebtedness, cannot be recovered back, and, therefore, did not constitute a consideration for the execution of the promissory notes. *In re Miller's Will*, 73 Iowa, 123, this court says as follows: "An advancement is an irrevocable gife in anticipation of the share of the heir in the estate. *In re Lyon's Estate* 70 Iowa, 375. What is given as an advancement becomes the absolute property of the child to whom the advancement is made. The father has no claim upon it, and cannot recover it. Neither has he any claim against the child in the nature of a debt. He can bring no action against the child on account of the gift and advancement." The authorities are uniformly to the same effect, and it is, therefore, clear that an advancement previously given and received constitutes no consideration for a promissory note subsequently executed. Now, while it is the law that an express promise in writing, such as these promissory notes contain, cannot be varied by prior or contemporaneous agreements in parol, or partly in parol, yet the consideration of such

notes in the hands of the payee may be questioned.

Section 2114 of the Code of 1873 is as follows: "The want or failure, in whole or in part, of the consideration of a written contract, may be shown as a defense, total or partial, as the case may be, except to negotiable paper transferred in good faith, and for a valuable consideration, before maturity." Section 3070, present Code. See, also, *Bank v. Felt*, 100 Iowa, 680. *Dickson v. Harris*, 60 Iowa, 727, cited by appellee, is not in point, inasmuch as in that case the promissory note sued upon was executed at the time the money was received, and the defense set up was that the money was to be carried to Iowa, and applied in satisfaction of a judgment against the plaintiff's son, and that it was so applied. The defense was not a want of consideration, but of a contemporaneous agreement as to the application of the money received. *Atherton v. Dearmond*, 33 Iowa, 353, and *Barhydt v. Bonney*, 55 Iowa, 717, also cited, are not applicable, or in point. *Mason v. Mason*, 72 Iowa, 457, was an action upon a promissory note, to which defendant pleaded want of consideration, based upon this state of facts: That his father was having a public sale, and was about to sell a cow that defendant claimed; that the father said to defendant to buy all the stock he wanted at the sale; to give his note for it; that he had not given him any money to make him equal with the rest, and that he wanted to show that defendant had had that much money advanced. Defendant bid in property, and, at the time, and as a part of the transaction, executed the notes sued upon. It was held that evidence of a parol agreement that the notes should be held as a mere receipt was not admissible, citing *Dickson v. Harris, supra*. The court says: "It may be, if a parent should make an advancement to a child, and actually deliver the money or property advanced, and, after thus fully executing the gift, he should take a promissory note, the note

would be void, as being wholly without consideration. It would be a transaction independent of the gift, in that the gift was fully executed. But that is not the question presented in this case. The defendant bid upon the property and it was sold to him, the same as it was to other bidders, and he gave his note the same as other purchasers, and all.that was done was, in effect, one transaction. He gave the note when the property was delivered to him." It will be observed that in that case the agreement alleged was in advance of the purchase at the sale, and was a promise to make an advancement, while in this the advancements are alleged to have been made and received prior and independent of the execution of these notes. It is argued that what we have quoted last above was not involved in *Mason's Case*, and, therefore, is mere dicta. It is, nevertheless, the announcement of a rule grounded in equity and reason. *In re Lyon's Estate, supra*, is not in point, for the reason that the question of consideration was not involved, as in this case. Accepting the allegation of the answer that these several amounts were given and received as advancements prior to the execution of the notes, it seems to us clear that they did not constitute a consideration for the giving of the notes, and that, the notes still being in the hands of the original payee, the defendants may, under the statute quoted above, plead and prove a want of consideration, in whole, or in part, by agreements in parol as alleged. Our conclusion is that the parts of the answer and amendments demurred to show a valid defense, and that the demurrer should have been overruled.

II. Appellants complain that the court struck their amendment to their answer filed after the close

of the evidence. Whether or not said amendment should be allowed was discretionary with the court, and we do not think the court abused its discretion.

The proposed amendment was largely a repetition of matters that had already been repeated, and, in view of the complication of answers, the court might very well refuse this additional amendment.

Appellants' further complaints are as to instructions with reference to the amounts to be considered. As, for the reasons already given, the judgment of the district court must be reversed, and as the matters complained of as to these instructions need not occur upon a re-trial, we do not consider them. For the error in sustaining appellee's demurrer to the answer and amendments, the judgment of the district court is REVERSED.