DAVID R. BEATY, Administrator of the Estate of FRANK Y. DEMING, Deceased, v. FRANK D. CARR, Appellant.

**Impeaching Consideration of Note:** PAROL EVIDENCE: *Contemporaneous acts.*  Under Code, section 3070, which permits the want or failure of consideration of a written contract to be shown as a defense, parol evidence is admissible to impeach the consideration of a note sued on, given by defendant to plaintiff's intestate, by showing that the only consideration was a check given by the deceased to defendant *some time prior* to the execution of the note, to be applied in part payment for property which had been purchased by defendant, and that it was so applied, and subsequent to the execution of the note, when defendant obtained title to the property, was repaid, in accordance with the agreement of the parties, by a conveyance to deceased of a half interest in the property.

109  183
118   80
109  183
126  124
109  183
129  276

*Appeal from Van Buren District Court.*—HON. M. A. ROBERTS, Judge.

MONDAY, OCTOBER 9, 1899.

ACTION at law upon an instrument in the form of a promissory note. Defendant pleads that the instrument was not intended as and for an obligation to pay any amount, but was executed as and for a receipt, and as evidence of certain previous transactions had between the parties thereto. In an amendment to the answer it was pleaded that, for the reasons stated, the said note was without consideration and void. The trial court directed a verdict for plaintiff, and defendant appeals.—*Reversed.*

*Wherry & Walker* for appellant.

*Liggett & McKenny* and *Mitchell & Sloan* for appellee.

DEEMER, J.—The instrument sued on reads as follows: "Farmington, Iowa, October 16th, 1890. February 1st, 1891, after date, I promise to pay to Frank Y. Deming or order one thousand dollars ($1,000.00), without interest, for said amount received from him to be applied to the payment of the undivided one-half interest in store building purchased of Fred Humelke on September 23d, 1890. $1,000.00. (Signed) Frank D. Carr." As we understand it, defendant's contention is that defendant, who was a partner with plaintiff's intestate in the hardware business in the town of Farmington, purchased certain real estate, in and upon which the business was being conducted, for the consideration of four thousand one hundred dollars, five hundred dollars of which he paid in cash, and the remainder was evidenced by his two promissory notes, one for one thousand dollars, due February 1, 1891, and the other for two thousand six hundred dollars, due on or before five years from date; that shortly after purchasing the property, he orally agreed

to convey an undivided one-half interest in the property to his
partner, Deming, for one-half the consideration he had
agreed to pay therefor, agreeing to execute a conveyance for
the same on February 1, 1891, at the time his one thousand
dollar note matured; that on September 26, 1890, Deming
gave defendant a check for one thousand dollars to apply
on the purchase price for the said half interest; that there-
after he paid the one thousand dollars received from Dem-
ing, and another five hundred dollars of his own money, to
his vendor, and thereafter the firm paid one hundred dollars
on the purchase price, making a total of two thousand one
hundred dollars, of which each of the partners had paid one-
half, and leaving the sum of two thousand dollars still
unpaid; that in February of the year 1891 he executed a
conveyance for an undivided one-half interest in the prop-
erty to Deming, and at the same time the firm made a loan
upon the property in the sum of two thousand dollars, which
they used in paying the full consideration for the property
to defendant's vendor; that thereafter the deceased paid
five hundred dollars on the loan; and that the instrument
sued on is merely a memorandum of the transaction
between the parties, and was intended simply as a receipt,
and is wholly without consideration. If these facts be true,
then it appears that deceased paid one thousand five
hundred and fifty dollars for his half interest in the prop-
erty, and that, as between himself and the defendant, he
owed upon the loan of two thousand dollars made to pay
the remainder of the purchase price five hundred dollars,
with interest thereon. It is also shown, without dispute,
that after the death of Deming the administrator sold his
interest in the business, as well as his interest in the
real estate, to the defendant Carr, and it was expressly
agreed that the deceased's interest in the real estate should
be valued at one thousand five hundred and ten dollars, and
defendant agreed to pay the remainder of the deceased's
share of the two thousand dollar loan, amounting to the

sum of five hundred dollars. Nothing was said in this contract about the one thousand dollar note in suit and no mention seems to have been made of it until the time of the commencement of this suit. It was not mentioned as a part of the decedent's estate. Evidence was also offered to show that at the time the note in suit was executed, which it will be noticed was some time after the money had been furnished by the deceased, defendant stated that he had paid the one thousand dollars received by check upon the purchase price, and that deceased then stated, "Don't you think I ought to have something to show for the one thousand dollars until I get my deed from you?" to which defendant responded, "All right," and thereupon drew up and signed the instrument in suit. There is also evidence tending to show that defendant did not and could not get a deed for the property until he had paid his grantor the one thousand dollar note executed by him. When the one thousand dollar note was paid, defendant received his deed, and immediately thereafter executed a conveyance for an undivided one-half of the property to the deceased.

Most of the evidence to which we have referred was, on plaintiff's motion, stricken from the record, and the court directed a verdict for defendant on the theory that, as there was no plea of fraud or mistake, the evidence was incompetent, for that it tended to vary or contradict the terms of the written instrument. If the evidence had simply gone to the question as to whether or not the instrument was intended as a receipt or memorandum of the transaction between the parties, there would have been no doubt of the correctness of the court's rulings. *Dickson v. Harris,* 60 Iowa, 727; *Mason v. Mason,* 72 Iowa, 457; *De Long v. Lee,* 73 Iowa, 53; *Billings v. Billings,* 10 Cush. 178; *Perry v. Bigelow,* 128 Mass. 129. The same rule would no doubt apply to defendant's plea of want of consideration, had the receipt of the check and the execution of the note by defendant been contemporaneous acts, for in

such case the proffered evidence would show the transaction to have been altogether different from that which the law imports. *Dickson v. Harris, supra; Marsh v. Chown,* 104 Iowa, 561. The evidence shows, however, that the delivery of the check and the execution of the note were not contemporaneous acts; and the jury may well have found that the check was delivered in part payment of the purchase price of an undivided one-half interest in the property, and that the obligation, if any, created by the delivery of the money, was fully satisfied by the execution of the deed in February, 1891. If this check was so received and the proceeds thereof applied on the purchase price, then it is evident that there was no consideration for the instrument on which suit was brought, for it was executed and delivered on the 16th day of October, 1890, which was some three weeks after the check was received by defendant. The statutes of this state expressly provide that want or failure, in whole or in part, of the consideration of a written contract, may be shown as a defense, total or partial, as the case may be, except to negotiable paper transferred in good faith and for a valuable consideration before maturity. See, also, *Marsh v. Chown, supra,* and *Bank v. Felt,* 100 Iowa, 680. In the *Marsh Case* the authorities on which appellee relies are fully explained and distinguished, and what is there said need not be repeated.

We do not overlook the fact that a consideration for the instrument is presumed. The statute so declares. But it is nevertheless competent for defendant to show, if he can, that there was no consideration for the instrument, and parol evidence is competent for that purpose. Emphasis should also be placed upon the fact that the delivery of the check preceded, by some weeks, the making of the note; and the evidence tends to show that the amount realized from the check was applied on the purchase price of a half interest in the property, and that plaintiff has received for that half interest practically all the money which his intes-

tate invested therein. Under this state of facts, the jury may well have found that the note, whether it be a memorandum, receipt, or promissory note, was without consideration, and is unenforceable. The *Marsh-Chown Case* is, in principle, quite like the case at bar, and, as we think, is decisive.

Appellee further claims that there is no proper pleading of want of consideration. It is true that this issue was not tendered until after he had made his motion to strike the evidence and to direct a verdict. But an amendment to the answer pleading this defense was filed before the motion was submitted or ruled on by the court, and no attack was made upon the amendment, by motion or otherwise. It seems to have been filed by leave of court, and it undoubtedly tendered the issue of want of consideration. The court was in error in striking the evidence tending to show want of consideration, and in directing a verdict for plaintiff.—REVERSED.