L. E. SUTTON v. AUGUST GRIEBEL, Appellant.

Written Contract: CONTEMPORANEOUS PAROL AGREEMENT. In an action on a written contract, defendant may show a contemporaneous oral agreement with plaintiff that on certain conditions he is to be released from liability on the writing, and the withdrawal from the jury of the issues presented by such defense is error.

*Appeal from Humbolt District Court.*—HON. W. B. QUAR-
TON, Judge.

WEDNESDAY, OCTOBER 15, 1902.

ACTION on a written instrument, by which defendant
and others purported to undertake to pay $100 each for
shares in a certain described stallion.   Defendant pleaded
that there was a collateral oral agreement between him
and plaintiff at the time of the signing of the instrument,
by which he was to be allowed to withdraw from the ar-
rangement at any time before the final completion of the
transaction involved, and plaintiff was to secure another
subscriber for the share subscribed for by defendant, or
retain the said share himself; and that at the time the
signers met to complete the final arrangement defendant
did withdraw therefrom notifying plaintiff and the other
signers of the fact, and that plaintiff secured another sub-
scriber for defendant's share.   After the close of the evi-
dence the court, on plaintiff's motion, withdrew from the
jury the issues presented by defendant's answer, and di-
rected a verdict for plaintiff, and from judgment on such
verdict the defendant appeals.—*Reversed.*

*Lyman Moats* and *Filkins & Schaffter* for appellant.

*E. V. Swetting* for appellee.

McCLAIN, J.—The question presented is whether or
not parol evidence is admissible to show a collateral oral
agreement by which the instrument on which action is
brought, duly executed and delivered, was to be ineffect-
ual, and of no validity against this defendant.   The rule
that the terms of a written instrument cannot be contra-
dicted by parol evidence of a contemporaneous oral agree-
ment is subject to well-recognized exceptions.   A collateral
oral agreement relating to matters not covered by the

written agreement may be shown. *Graffam v. Pierce*, 143 Mass. 386 (9 N. E. Rep. 819); *Iron Company v. Willing*, 180 Pa. 165 (36 Atl. Rep. 737, 57 Am. St. Rep. 626); *Juillard v. Chaffee*, 92 N. Y. 529. An oral agreement collateral to the writing, and serving as an inducement for the signing thereof, may be shown. *Cake v. Bank*, 116 Pa. 264 (9 Atl. Rep. 302, 2 Am. St. Rep. 600). It may be shown that by reason of collateral parol agreement there is want or failure of consideration for the instrument. *Trayer v. Reeder*, 45 Iowa, 272; *College v. Bryan*, 50 Iowa, 293; *Bank v. Felt*, 100 Iowa, 680; *Beaty v. Carr*, 109 Iowa, 183; *Marsh v. Chown*, 104 Iowa, 556; *Brook v. Latimer*, 44 Kan. 431 (24 Pac. Rep. 946, 11 L. R. A. 805, 21 Am. St. Rep. 292). It may be shown by parol that, although the instrument, absolute in its terms, was actually delivered, such delivery was subject to a condition, agreed upon collaterally in parol, that upon a certain contingency or event it should not be binding. *Parker v. Bond*, (Ala.) 25 South. Rep. 898; *Reynolds v. Robinson*, 110 N. Y. 654 (18 N. E. Rep. 127); *Wilson v. Powers*, 131 Mass. 539; *McFarland v. Sikes*, 54 Conn. 250 (7 Atl. Rep. 408, 1 Am. St. Rep. 111); *Westman v. Krumweide*, 30 Minn. 313 (15 N. W. Rep. 255). It may also be shown that a written obligation has been discharged in accordance with the terms of a collateral oral agreement differing from those of the instrument. *Buchanon v. Adams*, 49 N. J. Law, 636 (10 Atl. Rep. 662, 60 Am. Rep. 666); *Howard v. Stratton*, 64 Cal. 487 (2 Pac. Rep. 263). Under these authorities, recognizing perfectly well established exceptions to, or more properly speaking limitations of, the parol evidence rule, we see no reason why defendant should not have been allowed to rely upon and establish, if he could, an agreement between him and the plaintiff, by which, if he saw fit to withdraw from the contemplated arrangement before its final consummation, he should not be bound. Indeed, in the absence of any such collateral agreement,

if, before the completion of the transaction contemplated, he notified plaintiff of his withdrawal, and such withdrawal was accepted by the substitution of another subscriber in his place, his liability would be discharged. *Manufacturing Co. v. Barry* (Tenn. Ch. Ap.) 52 S. W. Rep. 451. ˙ The withdrawal from the jury of the issues. presented by the answer was, in effect, a ruling that the answer presented no defense, and this ruling was, as matter of law, erroneous. It is urged for appellee that the court might properly direct a verdict if, in his judgment, the evidence would not have supported a different verdict if rendered; but we think there was sufficient evidence to go to the jury on the issues presented by the answer had they not been withdrawn.

The judgment is therefore REVERSED.