OAKLAND CEMETERY ASSOCIATION OF LYONS, IOWA, Appellee, v. J. L. LAKINS, and ANNIE LAKINS, Appellants.

**Bills and Notes:** DISCHARGE: PAROL EVIDENCE. Where a note was executed in consideration of other prior agreements between the parties, parol evidence is admissible in an action on the note, to show the entire agreement and that it has been performed.

1

**Conditional delivery:** PAROL EVIDENCE. Where a note is delivered as security for a prior parol agreement, its conditional delivery may be shown by parol.

2

*Appeal from Cerro Gordo District Court.*— HON. C. H. KELLEY, Judge.

THURSDAY, DECEMBER 15, 1904.

ACTION to recover interest on a promissory note for the sum of $700 made by the defendants to one Boyd, and by Boyd's administrator (Boyd being dead) indorsed to plaintiff. Defendants filed an answer in two divisions, to which plaintiff filed a demurrer, which was sustained; and, defendants electing to stand on their answer, judgment was rendered against them for the amount of the interest claimed, and they appeal.— *Reversed.*

*Glass, McConlogue & Witwer,* for appellants.

*Earl Smith,* for appellee.

DEEMER, C. J.— As the sufficiency of the answer is alone involved, we here state the substance thereof: Defendants admit their signatures to the note, but deny the delivery thereof to the payee. They aver: That T. G. Boyd, the payee of the note, conveyed to them two lots in the town of Bockwell pursuant to an agreement, which was partly in writing and partly in print, whereby the defendants, in consideration of the conveyance, promised to pay said Boyd during his lifetime interest at the rate of six per cent. per annum upon $700. That, after this agreement and conveyance had been made, Boyd requested defendants· to deposit with him some instrument in writing, in the form of a note or otherwise, to be held as evidence of their obligation to pay the interest, and as security for the payment thereof; the said instrument to have no other effect beyond its efficacy as evidence of and as security for the defendants' obligation to pay interest as aforesaid; the said note to remain in Boyd's possession until his death, and then to be surrendered to defendants. That, after making this agreement, Boyd wrote the defendants as follows: " As I said before, all I want is the interest of $700.00. I enclose a note for that amount. If it is satisfactory please sign the note, together with Mrs. Lakins, and send it to me and I will send the deed. I am unusually well and will be up some time for a good visit. Don't know whether I will go East. Yours truly, F. G. Boyd." Defendants allege that the note was never delivered to Boyd as such, or as his property, and that it was simply to be held by him during his lifetime as evidence of and as security for defendants' obligation to pay interest, and that upon Boyd's death defendants became entitled· to the possession of the note. They further alleged that they paid all interest down to the time of Boyd's death, and that plaintiff herein had full knowledge and notice of the agreement between the original parties at the time it ac-

quired the note.    The second division of the answer is largely
a repetition of the first, except that it pleaded that there
was no greater or other consideration for the note than de-
fendants' receipt of the title to the lots, which was not worth
more than they paid as interest on the note.

The demurrer was based on the grounds (1) that the
answer shows full delivery of the note; (2) that the agree-
ments pleaded by defendants were merged in the note, and,
resting in parol, cannot be proved to contradict or vary the
terms of the written instrument; and (3) that, as the note
recites its own consideration, parol evidence is not admissible
to change or vary the same.    The case turns wholly on
whether the facts pleaded constitute any defense, in law,
to the interest claim on the note.

The general rule of inadmissibility of parol evidence to
contradict, change, or vary the terms of a written instru-
ment, and the reasons underlying the same, are well under-
stood; but there are certain exceptions to that
rule, which are not so familiar to the profession,
nor so well settled.    There seem, however, to
be two well-recognized exceptions which are applicable to
this ·case.    One is, parol evidence is admissible to show
that delivery was subject to a condition that upon a certain
contingency or event the contract should not be binding,
and the other, such evidence is admissible to show that a
note has been discharged by the performance of an under-
taking which it was given to secure.    Thus it may be shown
that what purports to be a written obligation has been dis-
charged in accordance with the terms of a collateral parol
agreement.    *Sutton v. Griebel,* 118 Iowa, 78; *Marsh v.
Chown,* 104 Iowa, 556.    In other words, it is always com-
petent to show by parol the nondelivery of a written instru-
ment, or the discharge thereof.    And unless the instrument
be under seal, nondelivery or a conditional delivery may be
shown, even if the instrument be in the possession of the
obligee or his assignee.    So, also, the discharge of an instru-

1. BILLS AND
NOTES: dis-
charge; parol
evidence.

ment in writing may be shown by parol, although the transaction involves proof of a collateral parol agreement. Some consideration for the note is, of course, presumed, under our statutes, but the exact amount thereof is not stated on the face of the note in suit; and, by statute in this jurisdiction, want or failure in whole or in part of the consideration of a written instrument may be shown as a defense, total or partial. Code, section 3070. Under the allegations of the answer, the note was not executed until after the agreements between the parties were made, and it was never intended to be more that security for another agreement, which rested in parol, it is true; and the case falls within the rule announced in *Marsh v. Chown, supra.* See, also, *Beaty* v. *Carr,* 109 Iowa, 183.

But appellee contends that it is not competent to show by parol a conditional delivery to the payee. This is the rule as to deeds, and perhaps all contracts under seal, but it
2. CONDITIONAL does not apply to simple contracts. *McCor-*
DELIVERY: *mick Co. v. Morlan,* 121 Iowa, 451. The cases
parol evi-
dence. we have cited clearly distinguish those which
have been called to our attention by appellee's counsel, and we need not take time to point out the differences. *Gifford v. Fox,* 2 Neb. 30 (unofficial) (95 N. W. Rep. 1066), supports our conclusions in this case. *Pierpont v. Longden,* 46 Conn. 499, relied upon by appellee, differs from this case, in that there the delivery was unconditional, and the parol agreement was that the note should be void at the payee's death. Here the delivery was only as security for the main promise, which was in parol, and the note was never delivered otherwise than as security for the fulfillment of this promise. Moreover, the letter which is set out in the answer, which should, of course, be construed with the other writings, as it was a part of the transaction, shows that the defendants' contention is correct. At least, there was enough in it to take the case to a jury. It also shows that the entire agreement was not embodied in the writing, and resort to parol

evidence may be had to establish the part not in writing. *Sutton v. Weber,* 127 Iowa, —.

For each and all of these reasons, it appears that the trial court was in error in sustaining the demurrer, and the judgment must be, and it is, therefore, *reversed.*