Submitted on briefs December 15, 1926, reversed January 11, 1927.

# C. V. CRUMLEY v. CRUMLEY BUSINESS COL-LEGE ET AL.

### (252 Pac. 85.)

**Corporations—Evidence That Money was Advanced as Investment Showed Consideration for Note, Replacing Others Executed by Corporation in Repayment, While Payee was President.**

1. Where undisputed testimony showed that money, for which notes were given in repayment, was advanced to corporation, maker, while payee was president of corporation, as investment, court should have held, as matter of law, that there was consideration for note executed in place of them.

**Corporations—Corporation Held not Entitled to Recover Subscription on Ground That Property Given for Stock was so Overvalued as to Amount to Fraud.**

2. Where corporation issued $25,000 worth of stock to incorporator in consideration for $3,500 worth of property transferred by him to corporation, and incorporator turned back $20,000 worth as treasury stock, corporation could not recover alleged balance on subscription to stock, on ground that overvaluation amounted to fraud, rights of creditors not being involved.

Bills and Notes, 8 C. J., p. 1048, n. 21.
Corporations, 14 C. J., p. 441, n. 67, 68, 69, p. 442, n. 70.

From Multnomah: LOUIS P. HEWITT, Judge.

In Banc.                                          REVERSED.

For appellant there was a brief over the name of *Messrs. Clark, Skulason & Clark.*

For respondent there was a brief over the names of *Mr. Robert R. Rankin, Mr. Robert A. Imlay* and *Mr. Chas. R. Spackman, Jr.*

BELT, J.—This action was originally instituted to recover upon a promissory note alleged to have been executed by defendants for $1,500, dated October 29,

2.  See 7 R. C. L. 217.

1921, bearing interest at 8 per cent per annum, and providing for a reasonable attorney fee. On trial, however, claim of liability against the defendant Crumley Business College was abandoned on account of the improper manner in which the note was executed by it.

The defendant Walker answered by alleging no consideration for the note. Other defenses were interposed, but, in view of the trial court's ruling and the admissions of counsel, such are not deemed material. To present defendant's theory and the questions of law involved on this appeal, it is considered necessary at this juncture to state briefly the facts out of which this controversy arose.

In July, 1921, plaintiff and defendant Walker entered into a written agreement which, so far as material herein, is as follows:

"Said Crumley and Walker agree to incorporate a school known as Crumley Business College, in Portland, and to share equally in their holdings of stock—likewise in their responsibilities and privileges;

"Said Crumley Business College is to be successor to Holmes Business College now in Portland—same having been purchased by C. V. Crumley—and said Crumley avers he is now the sole owner of said Holmes Business College, with only such assets and liabilities as are listed in the papers of transfer, and as shall be furnished for transfer to the books of Crumley Business College;

"Said Walker agrees to pay said Crumley ($2,500) Two Thousand Five Hundred Dollars for a half-interest—it being understood that Twenty Thousand Dollars' worth of stock out of the Twenty-five Thousand Dollar Capitalization, shall remain as treasury stock;

"Said Crumley is to hold office as President, and said Walker to hold office as Secretary-Treasurer. * * "

Pursuant to the above contract, the defendant company on August 1, 1921, was incorporated, having 25,000 shares of stock of the par value of $1 each. Plaintiff was elected · president and Walker was chosen secretary-treasurer. Immediately upon organization, all of the stock of the defendant company was issued to plaintiff in consideration of a transfer to it of the assets of Holmes Business College, which plaintiff had acquired by purchase. On the same date, plaintiff, in keeping with the above contract, sold 2,500 shares of the stock to Walker for $2,500, who paid $2,000 in cash and gave his note of $500 for the balance of the purchase price. One share of stock was issued to plaintiff's wife, and one share to the wife of the defendant. Plaintiff retained 2,500 shares and the balance was transferred to the corporation as treasury stock. All of which was accomplished without the aid of a lawyer. His services were to follow.

Crumley Business College had no cash. In order to operate it was necessary immediately to raise funds. At the suggestion of Crumley, Walker and he, on August 1, 1921, each deposited $500 in the bank to cover current expenses. On September 8th, each made another deposit of the same amount. Walker asserts these deposits were contributions or gifts to the corporation without any intention at that time of creating the relation of debtor and creditor, but subsequently thereto Crumley had the corporation issue two notes to him and two to himself, each in the sum of $500, as of the dates when the money was deposited in the bank.

Crumley became involved in trouble. He was indicted for the crime of rape. On account of his position as president of the business college, much un-

favorable publicity resulted. Although he was later acquitted of the crime charged, evil consequences followed. The school did not prosper. It was imperative that something be done, so the plaintiff tendered his resignation. `In consideration of the surrender of the two notes for $500 against the defendant company and the note for $500 on purchase of stock, Walker, on October 29, 1921, executed the note for $1,500 described in the complaint. Walker asserts, however, that the note was delivered upon the condition that no payment was to be made unless the business college proved financially successful, but this defense was stricken by the trial court without objection. Walker further contends there is no consideration for the two notes for $500 executed by the corporation to Crumley.

The defendant Crumley Business College, as a further and separate defense and by way of counterclaim, sought judgment against plaintiff for $20,500, as the balance of purchase price of 25,000 shares of stock issued to him. Plaintiff asserts in reference to the counterclaim that the obligation created by his subscription for the capital stock was extinguished when the 20,000 shares were transferred by him to the corporation to be held as treasury stock.

The cause was submitted to a jury and a verdict, in compliance with the instructions of the court, was returned for plaintiff against defendant Walker for $500, together with interest thereon from October 29, 1921, at 8 per cent per annum, and $200 as attorney's fees. A separate verdict was also returned in favor of the defendant company on its counterclaim against the plaintiff in the sum of $3,108. Plaintiff appeals.

1. Was plaintiff entitled to a directed verdict for the amount due on the $1,500 note? It is conceded

that this note represents the three notes heretofore mentioned. The trial court instructed the jury, as a matter of law, that Walker was liable for the balance due on the purchase of his stock from the plaintiff, but submitted, as a question of fact whether he was liable for the balance of the $1,500 note. If there is no consideration for the two notes executed by the corporation to Crumley for the money deposited in August and September, then the consideration for the $1,500 note fails to that extent. The question of consideration hinges upon whether the $1,000 deposited by Crumley was intended as a gift to the company. If it was a gift then there would be no consideration for the notes subsequently executed by the company: *Baum* v. *Palmer,* 165 Ind. 513 (76 N. E. 108) ; *Boblett* v. *Barlow,* 26 Ky. Law Rep. 1076 (83 S. W. 145) ; *Marsh* v. *Chown,* 104 Iowa, 556 (73 N. W. 1046). If the evidence established that this money was advanced with the intention of creating the relation of debtor and creditor between the company and Crumley, there was a consideration for the two notes and plaintiff would be entitled to recover the amount due on the note described in the complaint. These theories were submitted to the jury under appropriate instructions and it is evident from the verdict returned that it believed the money deposited by Crumley was intended as a gift to the company and that therefore there was no consideration for the two $500 notes. Plaintiff insists, however, that there is no evidence upon which to base such finding, and that it was the duty of the court to comply with his request for a directed verdict. We think plaintiff is right in this contention. After a careful consideration of the entire transcript of evidence, we believe the only reasonable conclusion to be drawn is that the $1,000 advanced

by Walker and Crumley was in the nature of an investment. It was not intended as a gift. Walker knew why the money was advanced. In response to the question, "Now the fact is, honor bright, that you were not giving that money to the company"? he answered, "I expected to get it back in the way of dividends or profits; until we could make that amount of money I didn't expect to get it back; in no other way could it be paid, except that the company make it." Crumley had withdrawn from the company. He had surrendered his stock and transferred all of his interests in the business college to Walker. Walker desired to continue the operation of the school and therefore deemed it advisable to take up the two notes held by Crumley. If Walker believed the money advanced was intended as a gift, why did he execute the $1,500 note? In respondent's brief, it is argued that the note was delivered on the condition that it would be paid only in the event that the school proved financially successful, but all evidence tending to establish such contention was properly stricken from the record. The trial court should have held, as a matter of law, in view of the undisputed testimony, that there was a consideration for the note on which plaintiff's action was based.

2. Is the Crumley Business College entitled to recover against plaintiff for alleged balance on subscription to stock? In consideration of the transfer of the property and goodwill of the Holmes Business College, the defendant company issued all of its capital stock to plaintiff. He sold 2,500 shares to Walker and, after retaining an equal amount of stock, transferred the balance to the company in order to provide for working capital. The par value of this stock is $25,000. It is contended that the property

which the company accepted in payment of the stock is worth only $3,500 and that such overvaluation amounts to fraud. As between the corporation and plaintiff, we think the contract must stand. Stockholders or creditors are not complaining. As stated in 14 C. J. 441:

"By the weight of authority when there is no constitutional, statutory, or charter prohibition in the way, and the rights of other stockholders or of creditors of the corporation are not involved, a corporation has the power to issue shares of its stock as full paid on payments of less than its par value, whether in money or in property, in labor or services, and the agreement under which they are so issued will be binding as between the parties, * * ."

In 7 R. C. L. 217, it is said:

"But so far as concerns the relations between the corporation and the shareholders themselves when the rights of third parties who deal with the corporation are not involved, there seems to be no reason why any contract entered into between the company and its members in respect to the payment of their subscriptions or distribution of the shares should not be given effect, unless, indeed, such contract improperly discriminates between shareholders themselves and is objected to by some of them. It is when the creditors of a corporation have interests involved that the contract between the company and its members attempting to dispense with the full and fair payment for the shares has been denied effect."

Also see Fletcher Cyc. Corporations, § 3583 and numerous cases cited in support of text.

*Macbeth* v. *Banfield*, 45 Or. 553 (78 Pac. 693, 106 Am. St. Rep. 607), *McAllister* v. *American Hospital Assn.*, 62 Or. 530 (125 Pac. 286), and *Sargent* v. *American Bank & Trust Co.*, 80 Or. 16 (154 Pac. 759, 156 Pac. 431), are proceedings in which the rights of

creditors were involved. These cases have no application to a controversy between a corporation and a stockholder to whom stock has been issued in consideration of property transferred to it. The distinction is recognized in *Grants Pass Hardware Co.* v. *Calvert,* 71 Or. 103 (142 Pac. 569), and *Smith et al.* v. *Schmitt et al.,* 112 Or. 687 (231 Pac. 176).

The judgments of the lower court are reversed and one is here entered in favor of plaintiff and against defendant Walker for $1,500, together with interest thereon from October 29, 1921, at 8 per cent per annum, and for the further sum of $200 as an attorney's fee for the prosecution of this action.

REVERSED AND JUDGMENT ENTERED.